**Earl E. KENNEDY**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. Nos. 69–2846, 73–1310.**

United States District Court,
E. D. Pennsylvania.
Jan. 28, 1974.

---

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Kenneth A. Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

We have before us cross-motions for summary judgment on an appeal from the decision of the Secretary denying claimant a period of disability or disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423, as amended ("Act"). The specific issue before the court is whether there was substantial evidence to support the finding that claimant was not permanently and totally disabled as of September 30, 1964, the last day on which he met the insured status requirements.

*History of the Case*

Earl E. Kennedy filed for disability benefits on July 15, 1968. A hearing was held before the hearing examiner on August 21, 1969 and on September 23, 1969 he issued an opinion finding that claimant was not then, nor had he been on September 30, 1964, under a disability as defined in the Act. This opinion was then adopted by the appeals council and became the final decision of the Secretary. Claimant then appealed to this court for review, Civil Action No. 69-2846. We granted defendant's motion for summary judgment. Kennedy v. Finch, 317 F.Supp. 7 (E.D.Pa.1970). Claimant then appealed to the court of appeals, which remanded on the grounds that the appeals council apparently had not dealt with the conflict between the hearing examiner's findings and a report from claimant's doctor submitted after the findings, asserting that claimant was then presently "unable to do any gainful occupation." Kennedy v. Richardson, 454 F.2d 376 (C.A.3, 1972).

Thereafter, on November 16, 1972, a supplemental hearing was held before the administrative law judge (formerly hearing examiner) and additional evidence pertaining to claimant's present

and past disability was received. However, the findings, in an opinion of December 6, 1972, were that although claimant was apparently permanently and totally disabled in 1968 or 1969 (contrary to the previous decision of the Secretary), he was not so disabled on September 30, 1964. The opinion was adopted by the appeals council on May 22, 1973 and became the final decision of the Secretary. Kennedy then filed a new complaint for review in this court, Civil Action No. 73–1310.

*Scope of Review*

■ In order to reverse the Secretary, we must find that his conclusions are not supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), quoted in Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed.2d 842 (1971); *accord* Ginsburg v. Richardson, 436 F.2d 1146, 1148 (C.A.3, 1971), cert. den. 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142, reh. den. 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). We hold that claimant has submitted sufficient evidence that he was permanently and totally disabled on or before September 30, 1964, that he has remained so disabled until the present time, and that there is no substantial evidence to support the Secretary's decision to the contrary.

We need not review claimant's entire medical history, since the question before us now involves only claimant's condition on September 30, 1964. Suffice it to say that the medical record reveals that for many years, claimant was far from being a well man, having suffered a variety of accidents and ailments. These included an accidental deformity of the elbow, carbon monoxide poisoning, hypertension, emphysema, lumbosacral strain and angina pectoris. However, the most significant factor in claimant's pre-1964 medical history was an accident in 1962 while claimant was working for Hahn Contracting Company. Claimant, together with another man, was carrying heavy steel plates. His fellow worker tripped and dropped his end of the load, throwing the entire weight on claimant. Upon hospitalization at St. Joseph's Hospital, the diagnosis was an unstable lumbosacral mechanism, moderately advanced overall degenerative osteoarthritic change, loss of the normal lordotic curve and a possible herniated disc.

Following the 1962 accident, Dr. Linn found him completely disabled and claimant was unable to work for a period of approximately eleven months. He then returned to work with Hahn Company as a flagman and water boy. However, he left that job in July of 1964 because, according to the claimant's testimony, he was no longer able to work. Thereafter, the claimant worked only sporadically and his earnings were not sufficient to be characterized as "substantial." *See* Kennedy v. Richardson, 454 F.2d 376, 378, n. 4 (C.A.3, 1972).

In finding that the claimant was not disabled on September 30, 1964, the appeals council and the administrative law judge apparently relied upon several factors: claimant's return to work at Hahn, disbelief of the claimant's testimony as to why he ceased working and two notations in reports of Drs. Robinson and Glenney that claimant's inability to work began in 1968.

We deal first with the 1968 notation of Dr. Robinson. The date July 9, 1968 was typed in a box provided on the form report entitled "date impairment prevented work". Reference to the body of the report makes it clear that this date refers to an occurrence about two weeks before Dr. Robinson's examination when the claimant was unable to get out of bed, which was the day claimant ceased working completely. Since Dr. Robinson had never examined the claimant in 1964 and since claimant's earnings following 1964 were not substantial enough to show non-disability, the 1968 date can have little meaning except as a reference

to the precipitating event leading to claimant's visit to Dr. Robinson.

Dr. Glenney, in his 1969 report, also noted 1968 as the "date impairment prevented work," but offered no explanation whatsoever in his report for choosing that date. Finding that claimant was totally disabled in 1969, his diagnosis included the following:

"1. Arthritis, degenerative, involving the dorsal and lumbar spine with significant narrowing between L–4 and L–5, compatible with intervertebral disc disease.

"2. Neuritis involving the left sciatic nerve due to nerve root irritation in No. 1.

"3. Residuals of trauma to the left elbow joint incurred in fall, accidentally, 1926, with marked impairment of flexion and pronation of the forearm with atrophy of the skeletal muscles including the inter-osseous muscles with ankylosis carpal and proximal phalangeal joints of all fingers and loss of finer movements of the fingers.

"4. Chronic bronchitis.

"5. Obstructive pulmonary disease."

At the second hearing, Dr. Glenney testified that any opinion by him as to the claimant's condition in 1964 would be purely speculative. However, after hearing all of the testimony at the hearing and after a complete review of the claimant's medical file, Dr. Glenney expressed it as his unequivocal opinion that the claimant was disabled in 1964.[1]

Thus, not only does Dr. Glenney himself refute the 1968 date, but he provides affirmative medical evidence of the claimant's disability as of September 30, 1964. Apart from the two notations of 1968, which we find have no probative value, there is absolutely no medical evidence to the contrary.

In Colwell v. Gardner, 386 F.2d 56, 72 (C.A. 6, 1967), the court said:

" * * * While an expert medical opinion as to disability to engage in substantial gainful employment is admissible for consideration by the Hearing Examiner, and not, *in itself*, binding upon him, nevertheless, if such opinion is not controverted by substantial evidence to the contrary, the Hearing Examiner's decision adverse to such expert medical opinion, must be set aside. Teeter v. Flemming, 270 F.2d 871, 77 A.L.R.2d 636 (C.A. 7)."

Similarly, in Hill v. Flemming, 169 F. Supp. 240, 245 (W.D.Pa.1958), the court set aside a decision denying benefits, holding that when expert opinions "are not repudiated in any respect by substantial evidence to the contrary, an adverse decision on these ultimate facts should be set aside as based on 'suspicion' and 'speculation.' "

It was the administrative law judge's position that claimant must prove his entitlement by objective medical findings, referring to 20 C.F.R. § 404.1524 of the Social Security Administration Regulations.[2] However, this position of the Social Security Adminis-

---

1. A January 5, 1973 statement by Dr. Glenney contained the following:

"I have reviewed the very involved file on the above named case, with regards to my testimony, and that of the administrative law judge, in his evaluation of the evidence.

\* \* \* \* \*

"From the testimony given in my presence, and my examination, it is my professional opinion that Earl E. Kennedy was totally disabled, September, 1964, and was unable to engage in any gainful employment, and his condition did not improve any thereafter, so that, in my opinion he was totally disabled during the entire peri-

od from September 1, 1964, to the time of my examination, and at the time of the hearing, and, is not able to engage in gainful employment."

2. "The clinical and laboratory findings shall be sufficiently comprehensive and detailed to permit the making of independent determinations by the Administration or by a State agency as to the nature and limiting effects of the individual's physical or mental impairment or impairments for the period in question, his ability to engage in physical and mental activities, and the probable duration of such impairment."

tration has long been rejected by the courts. General conclusions or naked medical diagnoses are sufficient to establish a disability under the Act. Nelms v. Gardner, 386 F.2d 971, 973 (C.A. 6, 1967). In Ross v. Gardner, 365 F.2d 554 (C.A. 6, 1966), the court said at page 558:

"Obviously the Hearing Examiner in this case, as in other cases coming to our attention, assumed that 'medically determinable' means 'supported by objective clinical findings and reports.' The Act means nothing of the kind." *Accord* Bittel v. Richardson, 441 F.2d 1193 (C.A. 3, 1971).

Thus, in light of Dr. Glenney's medical opinion that claimant was most likely disabled in September of 1964, the Secretary's decision can be sustained only if there is substantial evidence to the contrary. And there is absolutely no such evidence in the record.

[3] Claimant's return to Hahn Company now becomes irrelevant, for he worked only until he was no longer able do so, according to Dr. Glenney's unrefuted opinion which is corroborated by and corroborative of claimant's own testimony. In addition, there is a letter from claimant's foreman at Hahn that he was taken on as water boy and flagman because of an arrangement with an insurance company "knowing he couldn't do a good day [sic] work." Also irrelevant is the administrative law judge's disbelief of the testimony of claimant and claimant's wife. And in any event, mere disbelief of testimony does not provide substantial, or even any, evidence for the contrary proposition where, as here because of Dr. Glenney's opinion, the burden has shifted to the Secretary.

We can give no effect to the testimony of Mr. Friedman, the vocational expert. He testified only at the first hearing, and then on the assumption that claimant was not disabled in 1968, an assumption that has now been vitiated by the Secretary's later conclusion to the contrary. The record is therefore left barren of any valid vocational expert testimony.

For the foregoing reasons, we have concluded that the decision of the Secretary must be reversed and the case remanded for a determination of the amount of benefits to which claimant is entitled.