**Richard M. HEINZE**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 83–1619.**

United States District Court,
E.D. Pennsylvania.

Dec. 22, 1983.

F. Michael Friedman, Media, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Margaret L. Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is an action to review the final decision of the Secretary denying plaintiff's claims for disability benefits under the Social Security Act. Cross motions for summary judgment have been filed. The magistrate recommended that the Secretary's motion be granted and the plaintiff's motion be denied. Thereafter plaintiff filed objections. Upon consideration of the report and recommendation of the magistrate and an independent review of the record, the court will: 1) approve and adopt only the report's statement of the facts;[1] 2) deny both motions for summary judgment; and 3) remand this matter for further proceedings.

The issue presented is whether, for purposes of determining a disability, the Secretary can dismiss the diagnosis of plaintiff's treating physician, a cardiologist, that plaintiff suffers from cardiac neurosis,

---

**1.** Report and Recommendation, Nov. 4, 1983 at     1–11.

**14**

where the Secretary offers no medical evidence to the contrary.

The record discloses that plaintiff has been treated by Robert W. Chernoff, M.D., a cardiologist, since 1978. In a report dated October 1, 1982 (Tr. 181–83), Dr. Chernoff concludes:

> In addition to his cardiac problem, his mental status has complicated the situation. His real cardiac symptoms are intermingled with a form of cardiac neurosis and he has become obsessed with some of his heart symptoms. This has led to cardiac catheterization in an attempt to more clearly define the organic problems in dealing with his heart. His symptoms are out of proportion to his findings and strongly confirm the existence of a cardiac neurosis in addition to his known organic heart disease. He has received Valium in an attempt to control his anxiety symptoms but this has not been completely successful.

> Although Richard may be able to engage in mild, sedentary activities on a sustained basis, when viewing his organic physiologic cardiac findings, we have found that his anxiety state combined with his cardiac condition has resulted in his inability to do any sustained work because of the frequent episodes of pain, shortness of breath and discomfort.

Tr. 181–83.

Dr. Chernoff's uncontradicted diagnosis of cardiac neurosis was rejected by the ALJ on the sole ground that Dr. Chernoff was not a psychiatrist. This was error.

Under general principles of evidence law, Dr. Chernoff is qualified to give a medical opinion as to plaintiff's mental state as it relates to plaintiff's heart condition even though Dr. Chernoff is not a psychiatrist. *Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (1st Cir.1975) (citing McCormick, *Evidence* § 13 & n. 70 (E. Cleary ed. 1972)); *Arnold v. Loose*, 352 F.2d 959 (3d Cir.1965). Specialization is not a prerequisite to qualification as an expert medical witness. *Alvarado*, 511 F.2d at 1049. That Dr. Chernoff is not a specialist in psychiatry merely goes to the weight to

be given his psychiatric opinions. This could have been an important consideration for the ALJ if a psychiatrist's or psychologist's opinion of plaintiff's mental condition had conflicted with that of Dr. Chernoff. Since, however, Dr. Chernoff's opinions on this aspect of plaintiff's health are unchallenged, the ALJ had no substantial evidence to support his conclusion that plaintiff was not suffering from a psychological disability. The court notes that Dr. Chernoff's opinion was in acceptable form as dictated by the Secretary's regulations since it adequately described both the signs and symptoms which formed the basis of the diagnosis, and the nature and limiting effect of plaintiff's psychological impairment. 20 C.F.R. § 404.1513. The Secretary thus cannot simply dismiss Dr. Chernoff's diagnosis.

In sum, plaintiff presented acceptable medical evidence establishing a disabling combination of physical symptoms and cardiac neurosis. The Secretary rejected Dr. Chernoff's diagnosis but failed to offer substantial evidence to the contrary. Thus the Secretary's decision adverse to Dr. Chernoff's expert medical opinion must be set aside. *Kennedy v. Weinberger*, 369 F.Supp. 336, 337 (E.D.Pa.1974). In view of the Secretary's regulations, however, final disposition of plaintiff's claim cannot rest on this ground and a remand is required.

This case was decided under the Secretary's five-step progressive test for evaluation of disability, found at 20 C.F.R. § 404.1520. In reviewing plaintiff's claim the Secretary reached the fourth step of the evaluation and found that plaintiff could perform his past relevant work as a quality control inspector. Tr. 13. This finding dictated the Secretary's conclusion that plaintiff was not disabled. 20 C.F.R. § 404.1520(e). Under the terms of the regulation the Secretary was thus not required to undertake further review. 20 C.F.R. § 404.1520(a). Accordingly, the Secretary never considered plaintiff's claim under the fifth step of her test for evaluating disability. As this court reads the regulation, the Secretary must be given the opportunity to

evaluate plaintiff's impairments under this fifth and final step. Thus on remand the Secretary will determine whether despite plaintiff's inability to do past relevant work plaintiff can do other work which exists in significant numbers in the nation's economy.

 A few final points deserve brief attention. First, plaintiff is incorrect in arguing that vocational factors are only to be considered if the medical evidence is insufficient. The regulations clearly provide that a claimant's vocational background will be considered if it is determined that the claimant can no longer do the work he has done in the past. 20 C.F.R. § 404.1560(b)(3). Second, determination of whether plaintiff is unable to do other work because of his impairments in conjunction with his age, education and skills, is a determination which should be made by the Secretary and not by this court.

An appropriate Order will be entered.