**Lucille THOMPSON, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant.**

Civ. A. No. J–76–C–36.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

Sept. 21, 1979.

David N. Laser, Jonesboro, Ark., for plaintiff.

---

John M. Stokes, Regional Atty., Nita Giles, Asst. Regional Atty., Dept. of HEW, Dallas, Tex., for defendant.

## OPINION

ARNOLD, District Judge.

Both the plaintiff and the defendant have moved for summary judgment in this social security disability case. The question before the Court is whether the final decision of the Secretary of Health, Education, and Welfare, adverse to the plaintiff, is supported by substantial evidence.

The Hon. Henry L. Jones, Jr., United States Magistrate, prepared and filed a proposed memorandum and order. Copies of this proposed disposition were served on the parties, and a period of ten days was given within which the parties might object or comment. On September 11, 1979, the defendant filed objections, which this Court has considered.

The Court now issues this opinion, adopting Judge Jones's analysis and adding a few words with respect to defendant's most recent contentions.

The plaintiff filed an application for a period of disability and Disability Insurance Benefits on August 21, 1964, alleging that she became unable to work on August 7, 1964, because she had one kidney removed and had an ulcer (Tr. 41–44). That request was denied initially (Tr. 45–46) and on reconsideration (Tr. 48–49). No appeal was sought, and this denial became the final decision of the Secretary. 20 C.F.R. § 404.-908; *Sheehan v. HEW*, 593 F.2d 323 (8th Cir. 1979).

The plaintiff filed a second application for a period of disability and Disability Insurance Benefits on July 30, 1973, alleging that she became unable to work on June 5, 1973, because she had only one kidney and her nerves bothered her (Tr. 50–53). This application was also denied (Tr. 54–57), and on June 14, 1974, an Administrative Law Judge for the Bureau of Hearings and Ap-

peals, Social Security Administration, also found that the plaintiff was not entitled to a period of disability or Disability Insurance Benefits (Tr. 151–155). No further review was requested, and this denial became the final decision of the Secretary.

The plaintiff filed a third application on November 4, 1974, alleging that she became unable to work on June 5, 1973, because of problems with her lungs, bladder, and stomach, and because she had only one kidney (Tr. 156–159). This application was also denied (Tr. 160–166), and on October 30, 1975, another Administrative Law Judge also found that she was not entitled to a period of disability or Disability Insurance Benefits (Tr. 12–16).

After considering additional evidence, the Appeals Council approved the decision of the Administrative Law Judge on March 24, 1976 (Tr. 3–4); thus, the decision of the Administrative Law Judge became the final decision of the Secretary of Health, Education, and Welfare.

It is the denial of this third application which is the subject of the case now pending before the Court.[1]

The plaintiff was born July 30, 1920, and has a third-grade education. She has been employed in farm, factory, and cafe work; her last job was at a wooden box assembly plant in 1973. At the hearing, she complained of constant pain in her lower back, leg, and side, even while sitting; she also suffers headaches. She testified that she is unable to perform simple tasks such as washing dishes or turning on a faucet with her left hand. She spends her time lying on the couch watching television, doesn't participate in any social activities, and hasn't driven a car since 1966. She can walk only a block without resting, doesn't sleep during the day or at night (Tr. 30), and takes prescribed nerve and pain medication. She said everything she eats makes her sick, and that she has lost 25 pounds in the last year.

1. A hearing was held on the third application. The Administrative Law Judge did not invoke the doctrine of *res judicata*. The fact that previous applications had been denied is therefore irrelevant.

■ It is not necessary to detail the medical evidence. Suffice it to say that the Administrative Law Judge found that as of June 30, 1975, the last day plaintiff met the special earnings requirement, she "had the following medically determinable physical and/or mental impairments: degenerative arthritis of the spine, a non-functioning left kidney, urethral stenosis, and peptic disease" (Tr. 15). It was held, however, that the impairments were not of such severity as to be disabling. "The impairment must be proven by medically acceptable clinical and diagnostic techniques. The medical evidence of record does not establish such an impairment" (Tr. 15). The opinion of the Administrative Law Judge made no explicit reference to the plaintiff's testimony of pain and other subjective symptoms. He did, however, state that he had "carefully considered all the testimony at the hearing . . . ." (Tr. 14).

This method of analysis cannot be approved under the standards set out in *Northcutt v. Califano*, 581 F.2d 164 (8th Cir. 1978). There, the Court of Appeals pointed out that pain may be disabling and that the Administrative Law Judge must completely evaluate all of the evidence, both objective and subjective. "Although evidence of pain suffered by a claimant may be of necessity subjective in nature, and therefore difficult to evaluate, the administrative factfinder must give serious [attention] to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant." 581 F.2d at 166. The Administrative Law Judge's statement that there was "no objective medical evidence indicating that claimant suffers from a spinal impairment of such severity as to cause disabling pain," *ibid.*, was held to rest on a misperception of the law. "Of course under the Act there must be medical evidence of physical or mental impairment. Disregard of a claimant's subjective complaints of pain, however, is not justified solely because there exists no objective evidence in support of such complaints." *Ibid.* (footnote omitted).

The phraseology used by the Administrative Law Judge in the instant case is strikingly similar to that disapproved by the Court of Appeals in *Northcutt*. Here, the claim of disability was rejected because plaintiff's admittedly real impairments had not been "proven by medically acceptable clinical and diagnostic techniques" to be so severe as to be disabling (Tr. 15). The possibility that these impairments, when coupled with subjective pain, might be disabling was not considered, at least so far as the opinion discloses.

■ The defendant argues that this method of analysis amounts to de novo factfinding by the reviewing court. This Court cannot agree. It is for the Administrative Law Judge, in the first instance, to find the facts, and those findings, once made, must be accepted if based upon substantial evidence. The difficulty with the opinion below in this case is that it fails to find the facts with sufficient clarity to allow this Court to exercise its reviewing function. The general reference in the opinion to the Administrative Law Judge's having considered all the testimony cannot be sufficient to meet this obligation. Otherwise, the *Northcutt* requirement would receive only lip service.

The defendant refers to *Acevedo Ramirez v. Secretary of Health, Education, and Welfare*, 550 F.2d 1286 (1st Cir. 1977), holding that a finding discrediting claimant's subjective testimony as to his pain need not be explicit. No doubt this is the law in the First Circuit, but it is not the law here. Significantly, defendant's objections to the Magistrate's proposed memorandum and order do not even cite *Northcutt*, let alone attempt to distinguish it. Defendant does cite *Janka v. Secretary of Health, Education, and Welfare*, 589 F.2d 365 (8th Cir. 1978), but there is nothing in that opinion inconsistent either with *Northcutt* or with this Court's opinion in the case at bar. *Janka* simply holds that on the record there before the Court there was substantial evidence to support the Administrative Law Judge's finding against disability. No doubt is cast on *Northcutt*. In fact, it is not even cited in the opinion.

This Court is bound by *Northcutt.* The motion of defendant for summary judgment is therefore denied. The motion of the plaintiff for summary judgment is also denied. This Court's reviewing function cannot be properly exercised until the Administrative Law Judge has made the findings required by *Northcutt.* The case will therefore be remanded to the Secretary for a re-appraisal of the totality of the evidence and for new findings in light of all of the evidence.

Judgment will be entered accordingly.