Hubert BRAND, Appellant,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH, EDUCATION AND
WELFARE, Appellee.

No. 79–1641.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1980.

Decided June 18, 1980.

Richard Jarboe, Ponder & Jarboe, Walnut Ridge, Ark., for appellant.

Walter G. Riddick, Asst. U. S. Atty., Little Rock, Ark. (argued) and George W. Proctor, U. S. Atty., Little Rock, Ark., on brief for appellee.

Before LAY, Chief Judge, BRIGHT and HENLEY, Circuit Judges.

LAY, Chief Judge.

Hubert Brand was denied social security benefits by the Secretary of Health, Education, and Welfare. On appeal to the district court, the Secretary's motion for summary judgment was granted on the basis that there was substantial evidence on the record as a whole to support the Secretary's finding that Brand was not entitled to disability payments under relevant provisions of the Social Security Act, 42 U.S.C. §§ 416(i), 423. This appeal followed. We affirm the denial of benefits on the basis of Judge Eisele's thorough opinion. Nonetheless, because the Secretary misinterprets some of our earlier decisions, we write for clarification.

The claimant is 57 years of age, has a 7th grade education and has worked most of his life as a self-employed farmer. The record shows he has worked part-time as a carpenter and painter. At his hearing on May 10, 1977, Brand testified that he had been driving a tractor two or three days out of a week and that since 1974 he had made approximately $400 or $500 a year painting and driving a tractor. He also stated he had worked in his garden "some." Brand had to quit sharecropping in 1974 because of his health. His basic complaints relate to his heart, liver, and back. He stated he had experienced some fainting spells recently, cramping pain on his right side, and pain in his chest. He testified he drank light beer and two glasses of wine each day. His wife verified he had been drinking for seven or eight years. Acquaintances of Mr. Brand testified that he was a moderate drinker.[1]

A vocational expert testified that if claimant had constant pain after exercise he could not engage in any gainful activity. On the other hand, he testified that there would be a wide range of jobs, including painting and farming, if Brand possessed the physical capacities and general capabilities set out in the report of a consulting physician, Dr. Haimsohn. Dr. Haimsohn is a cardiologist who examined claimant in May 1977, for complaints of chest pain and numbness in his arms and legs. As Judge Eisele found:

> [Dr. Haimsohn's] diagnosis was: anxiety reaction, a history of chronic alcoholism, systolic hypertension, no cardiac disease found on examination, bilateral and congenital nystagmus, obesity and mild anemia. In response to complaints of soreness of the abdomen, Dr. Haimsohn found the abdomen area full and could not detect a definite liver enlargement. The spleen was definitely not enlarged. Dr. Haimsohn believed that the plaintiff grossly exaggerated his condition. He found that the plaintiff had no organic abnormalities and his hypertension was under good control. He was not im-

---

1. Judge Eisele in commenting on claimant's drinking habits stated:

   The Court recognizes that alcoholism alone or in combination with other impairments, can be disabling. The Court also recognizes that ordinarily the presence of alcoholism does necessitate some finding as to the voluntary ability of the claimant to control the use of alcohol before disability payments can be denied. See *Adams v. Weinberger*, 548 F.2d 239 (8th Cir. 1977); *Lewis v. Califano*, 574 F.2d 452 (8th Cir. 1978). In this case, however, there has been no showing that the plaintiff's possible alcoholism affects his ability to engage in substantial gainful activity and, thus, the question of his ability to control the use of alcohol is not raised.
   *Brand v. Secretary of Health, Education & Welfare*, Civil Action No. J–76–C–138 (E.D.Ark., filed July 12, 1979).

pressed with either the plaintiff's slightly elevated systolic hypertension or his stress test results. No definite cardiac disease was found. He concluded that the plaintiff should be able to perform moderate work on a sustained basis with occasional spurts of heavy work.

On appeal claimant asserts that the Secretary's holding ignores our prior decisions, *see, e. g., Northcutt v. Califano,* 581 F.2d 164 (8th Cir. 1978), in that the administrative law judge (ALJ) in relying on Dr. Haimsohn's examination overlooked claimant's subjective complaints of pain (as corroborated by his wife). The Secretary, on the other hand, urges that *Northcutt* and cases from this and other circuits which hold that pain may be disabling even though there exists no objective corroboration of it are contrary to the Act and the Secretary's regulations. We disagree with both analyses.

First, it is clear that the ALJ did not ignore the claimant's subjective complaints. As the ALJ found:

The medical evidence further reflects the complaint of chest pains with the presence of insignificant or minor non-specific T-wave abnormalities which are not considered in any way disabling. Thus it can be said that claimant's coronary problems have never at any pertinent times herein been disabling or that they have contributed significantly to condition of disability.

When viewed in its entirety the medical evidence, while suggesting health problems such as mild obesity, possible chronic alcoholism, mild anxiety reaction, possible low back problem, possible arteriosclerotic heart disease, and mild anemia, wholly fails to establish that any of these conditions, either singly or in combination, has even been sufficiently severe to preclude claimant's engaging in substantial gainful work.

The ALJ similarly found:

The vocational evidence establishes the existence of countless hundreds of jobs in factory settings in the region of Northeast Arkansas in which claimant resides such as material handlers, assemblers, packagers, cementers, stitchers, and the like, some of which may be done while standing and some while seated and others may be done alternately while standing or seated, all of which the undersigned finds to be well within claimant's residual capacity to perform on a sustained basis.

■ Second, it is clear from claimant's own testimony concerning his work record that, notwithstanding his complaints, he has been able to do moderate work, including painting and driving a tractor. We conclude that claimant has not shown that he was unable to engage in *any* substantial gainful activity.

In sustaining the district court's denial of relief, we do not, however, endorse the Secretary's argument that subjective pain need not be evaluated unless corroborated by objective medical findings. In *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir. 1978) this court observed:

Although evidence of pain suffered by a claimant may be of necessity subjective in nature, and therefore difficult to evaluate, the administrative factfinder must give serious consideration to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant. *See Thorne v. Weinberger,* 530 F.2d 580, 583 (4th Cir. 1976); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). While the claimant has the burden of proving that the disability asserted results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between a physical impairment and the claimant's subjective pain need not be produced.

The Secretary argues that this language in *Northcutt* ignores the amendment to the Social Security Act made in 1968, codified at 42 U.S.C. § 423(d) which reads:

(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

.      .      .      .      .

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

This argument overlooks the language of *Northcutt* which says:

Of course under the Act there must be medical evidence of physical or mental impairment. Disregard of a claimant's subjective complaints of pain, however, is not justified solely because there exists no *objective* evidence in support of such complaints.

*Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir. 1978) (emphasis added) (footnote omitted).

■ Other Circuit Courts of Appeal uniformly acknowledge that although there must be a medically determinable physical or mental impairment, there need not necessarily be objective evidence to support such findings.[2] The Act does require that the impairment be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." However, a headache, back ache, or sprain may constitute a disabling impairment even though it may not be corroborated by an x-ray or some other *objective* finding. As stated in *Miranda v. Secretary of Health, Education & Welfare*, 514 F.2d 996, 1000 (1st Cir. 1975): "[W]hile pain is 'subjective,' clinical techniques may shed some light on the probability of its existence, magnitude and disabling effects." Any medical diagnosis must necessarily rely upon the patient's history and subjective complaints. The Secretary must give some consideration to subjective complaints even though they are not necessarily corroborated by objective findings. To fail to do so is error.[3]

Most injuries or illnesses produce physiological or functional consequences and depending upon the physical makeup of the person involved, the level of pain experienced may or may not produce a disabling injury. In *Landess v. Weinberger*, 490 F.2d 1187 (8th Cir. 1974), we wrote:

These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being. Different people react in markedly different ways to similar injuries. A

2. The Second Circuit summarizes this uniform view in *Cutler v. Weinberger*, 516 F.2d 1282 (2d Cir. 1975) stating:

While a claimant must show that the physical or mental impairment by reason of which he claims to be disabled "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques," 42 U.S.C. § 423(d)(3), this does not mean that medical opinion must necessarily be supported by "objective" clinical or laboratory findings. *See, e. g., Stark v. Weinberger*, 497 F.2d 1092, 1097 (7 Cir. 1974); *Waters v. Gardner*, 452 F.2d 855, 857 (9 Cir. 1971); *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3 Cir. 1971); *Moore v. Finch*, 418 F.2d 1224, 1226 (4 Cir. 1969); *Kennedy v. Weinberger*, 369 F.Supp. 336, 339–340 (E.D. Pa.1974); *Forbes v. Finch*, 307 F.Supp. 1000 (E.D.Tenn.1969). A physical or mental impairment "does not cease to exist merely because it is difficult of proof." *Celebrezze v. Warren*, 339 F.2d 833 (10 Cir. 1964). *Id.* at 1286–87.

3. The Secretary cites the dissenting opinion in *Davis v. Califano*, 599 F.2d 1324 (5th Cir. 1979), in support of his argument. A careful reading makes it clear that the Secretary's argument misreads this dissent. Judge Clark states: "Because of the Act's emphasis on clinically demonstrable evidence of disability, a physician's statement that a claimant is or is not 'disabled' is entitled to weight only to the extent that it is supported by medically acceptable diagnostic data." *Id.* at 1327. However, consistent with our *Northcutt* decision, Judge Clark in the same dissent later observes: "Pain alone, of course, may be disabling, even when a *medical cause for the pain is not objectively* discernible, and an administrative law judge must consider subjective testimony of pain by the claimant." *Id.* at 1328. We would add the observation that claimant's subjective complaints may be shown to be exaggerated by any inconsistency in claimant's testimony and all other circumstances in the case.

back condition may affect one individual in an inconsequential way, whereas the same condition may severely disable another person who has greater sensitivity to pain or whose physical condition, due to age, obesity, deformity, or general physical well-being is generally deteriorated.

*Id.* at 1190.

*Standard for Review.*

■■■ Simply because there exists conflicting evidence on the record does not mean that the district court or this court should serve as a rubber stamp for the Secretary's decisions. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) still remains the guideline for evaluation of this standard. On appellate review, our duty, as is the district court's, is to evaluate all of the evidence on the record. In order to sustain the Secretary's decision there must exist substantial evidence appearing on the record as a whole. This standard of review is more than a search for the existence of substantial evidence supporting the Secretary's findings. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 484–85, 71 S.Ct. 456, 462–63, 71 L.Ed. 456 (1951). As Justice Frankfurter made clear "the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 488, 71 S.Ct. at 464.[4]

■■■ In social security cases reviewing courts are generally guided by the following factors:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon *proper* hypothetical questions which fairly set forth the claimant's physical impairment;[5]

(7) The testimony of consulting physicians.[6]

■■■ In the present case although there exists some medical evidence that claimant suffers from some physical impairment, there exists only one conclusory statement by a treating chiropractor that claimant has substantial disability. There is no clinical finding which contradicts Dr. Haimsohn's finding of no organic abnormalities to

---

4. In discussing this standard, Justice Frankfurter provided this further explication:

> To be sure, the requirement for canvassing "the whole record" in order to ascertain substantiality does not furnish a calculus of value by which a reviewing court can assess the evidence. . . . Congress has merely made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view.

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

5. In *Stephens v. Secretary of Health, Education & Welfare*, 603 F.2d 36 (8th Cir. 1979) we held that a proper hypothetical question must precisely set out all of the claimant's impairments.

6. The Secretary frequently relies upon independent medical examinations. When such examinations attempt to evaluate disability without a physician personally examining the claimant, this court and others have commented that such evaluation, in the face of conflicting evidence, deserves little weight. *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974). When a consulting physician sees a claimant only on one occasion and his evidence is conflicting with the clinical and diagnostic findings of treating physicians, and gives little weight to claimant's subjective complaints without stated reasons, we have also indicated that such medical opinions are entitled to little weight. *See Hancock v. Secretary of Health, Education & Welfare*, 603 F.2d 739 (8th Cir. 1979). In evaluating the consulting physician's report, a reviewing court should ascertain whether the ALJ has considered the qualifications of the consulting physician, the fairness of the physician in evaluating claimant's complaints and his physical impairment, the thoroughness of the examination and the physician's reliance on clinical and diagnostic aids.

528

claimant's heart. There is no evidence that Brand's liver condition was disabling. We find that in light of Brand's own testimony concerning his recent work experience, the absence of substantial clinical findings from his own treating physicians, the detailed and thorough report by a consulting cardiologist and the testimony of the vocational expert, substantial evidence on the record as a whole sustains the Secretary's denial of benefits.

JUDGMENT AFFIRMED.