**Charles William ANDREWS, Appellant,**

v.

**Richard SCHWEIKER, Secretary, Health and Human Services, Appellee.**

No. 81–1674.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1982.

Decided June 21, 1982.

cause both face value and thieves' market val-   ue were in excess of $100. *Id.* at 610.

Thomas E. Dittmeier, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo.,

for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Health and Human Services, D. Samuel Borin, Kansas City, Mo., of counsel.

Larry W. Glenn, St. Louis, Mo., for appellant, Charles Andrews.

Before LAY, Chief Judge, and ROSS and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Charles William Andrews was denied disability benefits by the Secretary of Health and Human Services. The District Court[1] granted the Secretary's motion for summary judgment on the ground that there was substantial evidence on the record as a whole to support the administrative determination that Andrews was not disabled. This appeal followed. For the reasons stated below we affirm.

The claimant, at the time of the hearing, was 43 years old, had a tenth-grade education, and had, during most of his adult life, engaged in highly skilled, though physically strenuous, work for the American Can Company. In 1974 Mr. Andrews underwent back surgery, and he alleges that he reinjured himself and became disabled on or after June 22, 1978, following a motorcycle accident.

As a result of the injury Mr. Andrews can no longer work at his prior job. The issue is whether he can engage in substantial gainful employment at all. Mr. Andrews testified that he suffers chronic debilitating pain which is relieved only when he lies down, and that he can neither stand for longer than twenty minutes, nor sit for more than one half hour at a time. Dr. Robert Kuhlman examined him extensively on October 11, 1978, and concluded that Mr. Andrews was unable to work unless he underwent surgery, which offered only a slim chance of success (Tr. 148). Dr. Edward Shaw, who treated Mr. Andrews more than a dozen times after the accident, determined that he could not do heavy work and

should not bend, but that during an eight-hour work day he could stand or walk slowly for four hours and lift twenty pounds if necessary (Tr. 153). Terry J. Weis, D.O., examined him on July 16, 1979, and concluded that he was eighty per cent disabled. Dr. Milton I. Lenobel examined him and took x-rays on November 29, 1979, and determined that he could not "engage in an occupation that would require prolonged standing and walking, and excessive bending and heavy lifting. He could, however, . . . perform in an occupation that might require the above activities to a moderately limited degree" (Tr. 158).

The Administrative Law Judge (ALJ) found that Mr. Andrews had the residual functional capacity for at least sedentary work. He then applied the Secretary's Medical-Vocational Guidelines, 20 C.F.R. §§ 404.1501 et seq., 416.901 et seq. (1980),[2] and determined that Mr. Andrews was not disabled.

There is conflicting evidence as to Mr. Andrews's potential for gainful employment, but our review of the final administrative decision is limited to deciding whether or not it is supported by substantial evidence. The ALJ determined that Mr. Andrews was capable of engaging in sedentary work as defined in 20 C.F.R. §§ 404.1510(b) and 416.910(b):

> Sedentary work. Sedentary work entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e.g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Statements made by Drs. Lenobel and Shaw support this finding.

Mr. Andrews, however, testified that he was unable to work because of the

---

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. These regulations were revised on August 20, 1980, 45 Fed.Reg. 55,584. The changes were not substantive and do not affect this case.

pain he suffered. Pain can be disabling, and the ALJ must give serious consideration to a claimant's subjective evidence of disabling pain even when it is not corroborated by objective findings. *Brand v. Secretary of the Department of Health, Education, and Welfare,* 623 F.2d 523, 526 (8th Cir. 1980). It is of course within the ALJ's province to decide, at least in the first instance, whether to believe the claimant, but the credibility finding must be explicit. *Northcutt v. Califano,* 581 F.2d 164 (8th Cir. 1978). The ALJ in the case at hand did take into account Mr. Andrews's complaints of disabling pain, but did not find his testimony credible. The ALJ noted the following:

> ... [T]he claimant does suffer from some pain however this does not preclude the claimant from performing substantial gainful activity. *Further, the Administrative Law Judge questions the claimant's contention that he can sit and stand for [no] more than 20 minutes and that he needs to lie down frequently. In fact the Administrative Law Judge finds this contention not to be credible.*
>
> The undersigned Administrative Law Judge has reviewed the medical records, the testimony at the hearing, and the contentions of the claimant. It is noted there is no medical basis for the claimant's impairments to be so severe as to preclude him from performing substantial gainful activity. Furthermore, the undersigned Administrative Law Judge noted that claimant showed no evidence of sufficient pain or discomfort that would prevent him from working. The Administrative Law Judge finds that the claimant can perform at least sedentary work.
>
> ... *The claimant responded to Mr. Durbin's* [the vocational expert's] *testimony in that leaning or sitting does not relieve*

> *or resolve his problem; that to get relief from his back he must lie down. The Administrative Law Judge does not find this credible.*

(Emphasis added) (Tr. 16–17).

Having found that Mr. Andrews could perform sedentary work, the ALJ consulted the appropriate Table in Appendix 2 to the Medical-Vocational Guidelines. Under Rule 201.26 of Table 1, a claimant aged 43 with a limited education and transferable skills is not disabled.[3] The plaintiff does not attack the validity of the regulations, but we note that this Court has, in general, upheld them. *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir. 1982) (en banc).

In sum, there is substantial evidence to support the ALJ's finding that Mr. Andrews retained the residual functional capacity for sedentary work, and there is, on this record, no sufficient reason to reject the ALJ's view that the claimant's testimony of severe pain is not credible.

Affirmed.

---

**3.** Mr. Andrews fits the criteria specified in Rule 201.26. 20 C.F.R. § 404.1507(d) and § 416.-907(d) define a limited education as a seventh through eleventh grade education, absent evidence to the contrary; Mr. Andrews had a tenth-grade education. The ALJ did not expressly refer to the regulations' definitions of transferable skills. In view, however, of the testimony given by vocational expert William Durbin, to the effect that there existed many jobs to which Mr. Andrews's skills could be applied (Tr. 16), we are satisfied that he did possess transferable skills as defined by 20 C.F.R. § 404.1511(d) and (e) and § 416.911(d) and (e).