Joseph H. WILSON, Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.

No. 81–2225.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1982.

Decided June 22, 1982.

Robert J. Blackwell, Flat River, Mo., for appellant.

Thomas E. Dittmeier, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Attorney, Region VII, Dept. of Health and Human Services, D. Samuel Borin, Kansas City, Mo., of counsel.

Before STEPHENSON, Senior Circuit Judge, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Joseph H. Wilson was denied disability benefits by the Secretary of Health and Human Services. On review, the District Court[1] granted the Secretary's motion for summary judgment on the ground that there was substantial evidence on the record as a whole to support the administrative finding that Mr. Wilson was not disabled. This appeal followed. For the reasons stated below, we affirm.

Mr. Wilson was 37 years old and had a seventh-grade education at the time of the administrative hearing, on June 13, 1980. He had worked in the past as a manager trainee, truck driver, factory worker, final inspector at Chrysler, and owner-operator of a filling station. He filed for disability in August 1979.

The physicians who have examined Mr. Wilson agree that he suffers from an ailment which affects his neck, back, and left leg. Nonetheless, after examining him on July 8, 1980, Dr. R. A. Ritter thought that during an eight-hour work day Mr. Wilson could sit for five hours, stand for four hours, walk for two hours, and carry ten pounds and occasionally twenty-five pounds (Tr. 133–35). Dr. Milton I. Lenobel examined Mr. Wilson on September 24, 1979, and concluded that "he could probably perform a more or less sedentary occupation which would not require prolonged standing, prolonged walking and heavy or excessive lifting" (Tr. 113–15). A Residual Functional Capacity form signed by a Dr. Dupont suggested that Mr. Wilson was basically unrestricted and could perform at least sedentary work (Tr. 104). There was, however, other medical evidence that Mr. Wilson was disabled (Tr. 109, 124). William E. Durbin, a vocational expert, testified that if Mr. Wilson could do sedentary work, he could return to several of the jobs at which he had been employed in the past; these jobs exist in large numbers and could accommodate his needs (Tr. 46–47).

Mr. Wilson testified that he suffers constant and severe pain which precludes his

---

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

working at jobs which some of the medical testimony suggests he can perform. He said that he can stand and sit for only fifteen minutes at a time and that he cannot bend. Mr. Durbin testified that if Mr. Wilson's complaints were true, he would be unemployable (Tr. 47).

The issue before this Court is whether Mr. Wilson can work despite a chronic back ailment. There is some conflicting evidence, but our review of the final administrative determination is limited to deciding whether or not it is supported by substantial evidence. *Brand v. Secretary of the Department of Health, Education, and Welfare*, 623 F.2d 523, 527 (8th Cir. 1980). The Administrative Law Judge (ALJ) found that Mr. Wilson was not disabled and that he was able to return to some of his former jobs which were not strenuous. Statements made by Drs. Lenobel, Ritter, and Dupont, and the testimony given by Mr. Durbin support this finding.

At the administrative hearing Mr. Wilson testified that he suffered incapacitating pain. Pain can be disabling, and the ALJ had to consider seriously his complaints and make explicit credibility findings; the testimony could not be ignored solely because the medical evidence did not corroborate it. *Brand, supra; Northcutt v. Califano*, 581 F.2d 164 (8th Cir. 1978). The ALJ took Mr. Wilson's claims into account, but simply did not believe him. He explicitly found that Mr. Wilson's testimony that he suffered chronic pain which precluded his performing any kind of substantial gainful activity was not credible (Tr. 20), and we see no reason on this record not to accept the finding.

In sum, the ALJ properly considered the objective and subjective evidence in the record, and there is substantial evidence to support the finding that Mr. Wilson was not disabled.

Affirmed.