**William M. SMALLWOOD,**
**Plaintiff-Appellant,**

v.

**Richard SCHWEIKER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

No. 81–7812.

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1982.

Ben B. Mills, Mills & Chasteen, Fitzgerald, Ga., for plaintiff-appellant.

Bernard Namie, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and YOUNG *, District Judge.

GEORGE C. YOUNG, District Judge:

William Smallwood appeals from the judgment of the district court affirming the denial of his claim for disability insurance benefits by the Secretary of Health and Human Services. Smallwood, a high school graduate, suffers from hypoglycemia, a condition commonly referred to as low blood sugar. He was 55 years old at the time of the Secretary's final decision. For the previous 28 years he had been employed as a commercial airline pilot for National Airlines. On November 1, 1979 he left active employment on medical leave due to increased episodes of hypoglycemic syndrome symptoms. These symptoms included becoming tired, weak, disoriented, lapsing into semi-consciousness, and experiencing a limited concentration span. He was later denied medical certification to continue flying due to his present medical condition and, therefore, is unable to return to his former job.

Smallwood filed an application for a period of disability and disability insurance benefits, which were denied. Following the denial of his request for rehearing, he sought a hearing before an administrative

* Honorable George C. Young, U. S. District Judge for the Middle District of Florida, sitting by designation.

law judge of the Social Security Administration. A hearing was then held on November 4, 1980, during which Smallwood and his wife testified. In addition, the Administrative Law Judge heard the testimony of a vocational expert called by the Secretary.

The Administrative Law Judge determined that although Smallwood could not perform his past work, he was not disabled under the applicable regulations. The Appeals Council denied Smallwood's subsequent request for review making the decision of the Administrative Law Judge the final ruling of the Secretary. The district court affirmed.

Our review of such cases is limited to a determination of whether there is substantial evidence in the record to support the findings of the Secretary. 42 U.S.C. § 405(g); *Rodriquez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). Thus, we may not decide the facts anew or substitute our judgment for that of the Secretary. *Perez v. Schweiker*, 653 F.2d 997, 999 (5th Cir. 1981); *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981).

In this case Smallwood contends that he is disabled within the meaning of the Social Security Act because of his condition of hypoglycemia. Smallwood testified before the Administrative Law Judge that due to his present condition he experiences episodes of weakness, dizziness, reduced energy level, as well as periodic blackouts. Smallwood and his wife testified that if the symptoms were recognized in sufficient time the blackouts could be avoided and appellant's condition temporarily relieved by the ingestion of metabolated glucose or orange juice. They further testified that appellant suffers from residual ill effects following an attack that sometimes last several hours after the episode.

Although neither Smallwood nor his wife were able to specifically relate the frequency of the blackouts, they testified that Smallwood experienced episodes in which he was in danger of losing consciousness about twice a week. These episodes were brought on by physical exertion as well as emotional disturbance or stress, such as meeting a schedule. Notwithstanding his condition, Smallwood testified that he continued to drive his automobile, attended church each week and belonged to the Lions Club. He also spends about two hours a day with his collection of National Airlines' memorabilia. Smallwood complains in this appeal that the Secretary failed to properly evaluate and consider testimony relating his periodic loss of consciousness without warning.

The law is well settled that an administrative law judge may properly challenge the credibility of a claimant who asserts he is disabled by subjective complaints. *Allen, supra,* at 801; *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir. 1979); *Gaultney v. Weinberger,* 505 F.2d 943, 946 (5th Cir. 1974). Although the issue of credibility is clearly reserved to the Secretary, *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir. 1981), it nevertheless remains our duty to determine whether substantial evidence supports the Secretary's conclusion. *Perez, supra,* at 1001.

In his decision denying relief the Administrative Law Judge specifically found that Smallwood's "allegations of episodes of weakness, dizziness, reduced energy level and other subjective symptoms are credible to preclude heavy work but are not credible to preclude at least light work which does not require climbing, balancing, and working with or around hazardous machinery." Then, based upon the applicable regulations and the testimony of the vocational expert, the Administrative Law Judge concluded that Smallwood was capable of engaging in a wide range of skilled and semi-skilled light jobs such as travel agent, administrative assistant with a government agency, transportation company, or other industry, dispatcher, expediter in the transportation and other industries, and general office manager.

However, Smallwood's principle complaint in support of his request for disability insurance benefits was that as a result of his condition of hypoglycemia, he periodically experienced a complete loss of consciousness, often without warning, and that such episodes were occurring with increasing frequency. Indeed, the questions asked by the Administrative Law Judge during the hearing held below reflect serious consideration of this complaint at that time. Nevertheless, there is nothing in the record before this Court reflecting a determination by the Administrative Law Judge on the credibility of Smallwood's complaint of periodic blackouts. We find that such a determination is critical to the present appeal.

The report of a treating physician, Dr. Charles H. Durden, dated November 4, 1980, notes that:

> "Glucose Tolerance Tests on two consecutive days revealed severe reactive hypoglycemia with evidence of diabetes insipidus. Mr. Smallwood is unable to control this in spite of therapy."

Dr. Durden concluded that Smallwood's "frequent episodes of loss of coordination and consciousness make him unemployable." Smallwood's other treating physician, Dr. Rafael E. Gomez, Jr., similarly concluded that claimant was "permanently disabled on account of his reactive hypoglycemia." During the hearing before the Administrative Law Judge, Dr. William W. Stewart, called as a vocational expert by the Secretary, was asked by both claimant's counsel and the Administrative Law Judge whether, given the conditions that claimant had previously testified as having experienced during a hypoglycemic episode, a job existed that Smallwood would be capable of performing. Stewart responded that he was not aware of any job that Smallwood would be capable of performing under such circumstances.

Because we find that a determination on the credibility of Smallwood's claim of frequent blackouts resulting from his hypoglycemic condition is critical to our determination of whether the Secretary's decision is supported by substantial evidence, this case is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this Opinion.

The judgment is VACATED and the case REMANDED.