Billie Jean MOODY, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. LR–C–81–468.

United States District Court, E.D. Arkansas, W.D.

Sept. 30, 1982.

Jack D. Files, Little Rock, Ark., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

The defendant's Motion for Summary Judgment is pending before the Court in this Social Security Disability Insurance case. The Court must determine whether the final decision of the Secretary of Health and Human Services, which denied the plaintiff's disability claim, is supported by substantial evidence. 42 U.S.C.A. § 405(g) (1978). For the reasons stated herein, the Court remands the case to the Secretary for an elaboration of findings.

I. The plaintiff was born on July 12, 1931. (Tr. 35). Following eight years of formal education (Tr. 35), she worked in a California vegetable cannery from 1951 to 1957. (Tr. 36). From 1958 to 1978, she farmed land in Arkansas with her husband. (Tr. 38, 44–45).

The plaintiff filed an application for disability insurance benefits on February 13, 1980, alleging that she suffers from arthritis. She contended that the arthritis had rendered her disabled and cited an onset date of January 30, 1979. (Tr. 62–64).

Hearing examiners denied her claim both initially and on reconsideration. (Tr. 92, 94). The plaintiff subsequently testified at an evidentiary hearing conducted on January 27, 1981, that she periodically wears a back brace and that she has joint soreness in her hands, shoulders, elbows, and knees. (Tr. 41–42, 46–48, 51). She also stated that she had continued pain in her lower back. (Tr. 40–42). The Administrative Law Judge (ALJ) denied the plaintiff's claim in his February 25, 1981, decision. (Tr. 5–11).

The medical evidence on which the ALJ based his opinion included the reports of three physicians who had examined the plaintiff. The first report, from Dr. Hugh Edwards, dated February 22, 1980, stated the following:

[The plaintiff has a] long history of low back and joint pain of extremities.... X-ray left knee mild degenerative arthritis.... Long history of much nervousness and chronic anxiety state. Long history of obesity and she has not lost weight as recommended.... History of much pelvic pain and soreness.... Total abdominal hysterectomy and bilateral salpingo-oophorectomy. Since her surgery, she has continued having much lower left quadrant and low back pain.... Last seen 2–7–80 still complaining of pain in the low back, lower left quadrant and in joints of her extremities, particularly in her hands. Weight 189 pounds. There is no radiation of pain into the buttocks or extremities and no limitation of motion.

(Tr. 95). A subsequent examination by Dr. Edwards on March 18, 1980, revealed no physical change. (Tr. 98).

Plaintiff's treating physician, Dr. C.E. Ransom, Jr., also provided medical evidence. During plaintiff's hospitalization from March 18, 1980, until March 21, 1980, Dr. Ransom found that the plaintiff suffered from "limitation of motion of the back with paravertebral muscle tenderness." (Tr. 102). Dr. Ransom's report noted that the plaintiff had been admitted complaining of pain in the left side of the abdomen extending into the back and that such pain had commenced after the plaintiff's hysterecto-

my in January 1979 and had continued from that time. The report further noted that the plaintiff's pain had increased since January 1980. (Tr. 101). Dr. Ransom's final diagnosis was "lumbosacral sprain." (Tr. 102).

In a subsequent report dated October 10, 1980, Dr. Ransom stated:

Mrs. Moody has Degenerative Arthritis of the Lumbar Spine with Facetal Arthritis. She has been treated conservatively with medications, corset and weight loss for the past 6 months. She has responded poorly to the treatment. She continues to have pain in her lower back and the posterior aspect of both legs and is unable to stand for long periods of time.

It is my opinion that this lady is unable to hold any gainful employment.

(Tr. 103).

The third physician, Dr. John Wilson, a board-certified orthopedic surgeon, examined the plaintiff on April 7, 1980. (Tr. 106). In a letter to Dr. Ransom dated April 11, 1980, Dr. Wilson stated his opinion that the plaintiff suffered from "degenerative disc disease as well as facetal arthritis." He added: "She was placed on anti-inflammatory drugs and in a lumbosacral corset. She was also advised to lose weight." (Tr. 106). Dr. Wilson's letter included no assessment of the plaintiff's ability to work.

Based on these findings and the evidentiary hearing, the ALJ found that the plaintiff does not have a severe impairment, stating that "the medical evidence of record shows the claimant has the residual functional capacity to engage in certain of her past work [sic]." (Tr. 10–11). Regarding the pain allegations, the ALJ found:

[T]he claimant's allegations of constant, severe, disabling pain, as relates to her arthritic condition, are not found to be credible in view of the lack of objective medical findings to support the presence of conditions which would severely disable this claimant.

(Tr. 11). He also stated, "[T]he claimant has been placed on adequate medications described as anti-inflammatory drugs and a lumbosacral corset and encouraged to lose weight. While the impairments do require that the claimant take medication, this evidence does not indicate that the claimant's conditions are so severe as to prevent her from engaging in basic work-related functions." (Tr. 10).

The plaintiff then sought review of the ALJ's decision pursuant to 20 C.F.R. 404.970 (1982). (Tr. 3–4). After the Appeals Council denied review (Tr. 2), the plaintiff timely filed this complaint.

II. This Court must decide whether substantial evidence supports the ALJ's decision to deny disability insurance benefits to the plaintiff. The statute clearly sets forth the mode of analysis that the trier of fact must invoke. To reach a decision in favor of disability, the trier of fact must determine that an individual is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A) (1976).

The plaintiff bears the burden of proving an inability to perform her previous occupation because of a medically determinable ailment, *Camp v. Schweiker,* 643 F.2d 1325, 1332 (8th Cir.1981), and in reviewing the decision of the trier of fact, a court is not authorized to try the case *de novo,* or to consider additional evidence, or to substitute its judgment for that of the trier of fact on questions of fact. *Ginter v. Secretary of H.E.W.,* 621 F.2d 313, 313–14 (8th Cir.1980). Instead, a reviewing court must accept both the trier of fact's factual findings and the inferences drawn therefrom if the record as a whole provides substantial evidence that supports these findings and inferences. *Russell v. Secretary of H.E.W.,* 540 F.2d 353, 355 (8th Cir.1976); *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir.1975); *Celebrezze v. Bolas,* 316 F.2d 498, 500–01 (8th Cir.1963). Such "substantial evidence" must be more than a mere scintilla. Rather, it must constitute such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Klug v. Weinberger,* 514 F.2d 423, 425 (8th Cir.1975); *Blanscet v. Ribicoff,* 201 F.Supp. 257, 260 (W.D.Ark.1962).

Furthermore, the Court must base its decision upon all the evidence in the record and not just the evidence favorable to the Secretary. *Brand v. Secretary of H.E.W.,* 623 F.2d 523, 527 (8th Cir.1980). *Lewis v. Califano,* 574 F.2d 452, 456 (8th Cir.1978); *Duncan v. Harris,* 518 F.Supp. 751, 757 n. 6 (E.D.Ark.1980) (citing *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 487–91, 71 S.Ct. 456, 464–66, 95 L.Ed. 456 (1951) (Taft-Hartley Act)).[1]

III. In the case at bar, the plaintiff has complained of persistent pain and her physicians' reports corroborate the fact that she has suffered from this pain for several years. Courts have increasingly considered the claims of individuals whose allegations of disability stem either solely or partially from complaints of pain. On numerous occasions, the courts have found pain to fall within the Social Security Act's definition of disability. *See, e.g., Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978); *Benson v. Matthews,* 544 F.2d 860, 863 (8th Cir. 1977).

Nevertheless, such cases are inherently difficult to adjudge for they often turn on evidence that is primarily subjective in nature. The view that has emerged in the Eighth Circuit is that while objective proof of the existence of pain can lend credence to a plaintiff's contention, mere subjective evidence, standing alone, can also serve as the basis for a disability determination. *Andrews v. Schweiker,* 680 F.2d 559 at 560 (8th Cir.1982); *Brand v. Secretary of H.E.W.,* 623 F.2d 523, 526 & n. 2 (8th Cir. 1980). *See also Walden v. Schweiker,* 672 F.2d 835, 840 (11th Cir.1982) (citing *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir.1981)). Thus, the trier of fact must consider subjective evidence of pain, even if such evidence is not corroborated by objective medical evidence. *Brand,* 623 F.2d at 526. In such cases, the trier of fact faces the difficult task of attempting to distinguish the meritorious claims from the spurious by examining the truthfulness of the claimant's assertions.

In *Duncan v. Harris,* 518 F.Supp. 751 (E.D.Ark.1980), this Court attempted to articulate a framework for analyzing pain-based claims. Its four-part guideline for evaluating claims that rest on subjective evidence suggests that in addition to the claimant's complaint of pain, the trier of fact should consider the following: the existence of a strong and consistent work record by the claimant; the corroboration of claimant's assertions by lay witnesses; the existence of medical evidence that indicates the physical coincidence of pain with a defective or degenerative physical condition; and the establishment of a direct nexus between the alleged pain and some objectively demonstrable causative factor. *Id.* at 758–59.

The guideline should not be construed as an exhaustive list of every fact that a trier of fact may consider, and by the same token, neither should a trier of fact's failure to follow *all* of the elements noted in *Duncan* necessarily render its final determination improper. In short, the guideline is

---

1. As noted in *Brand,* the reviewing courts generally consider seven factors:

    (1) Findings of credibility made by the ALJ;

    (2) The education, background, work history, and age of the claimant;

    (3) The medical evidence given by the claimant's treating physicians;

    (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

    (5) The corroboration by third parties of the claimant's physical impairment;

    (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment;

    (7) The testimony of consulting physicians. 623 F.2d at 527 (footnotes omitted).

designed to serve as a tool, not as a strait-jacket. Nevertheless, the trier of fact should, to the extent possible, adhere to the guideline and incorporate the analysis into its decision.

■ The necessity of such an incorporation stems from the limited powers of the reviewing court. As with other elements of the trier of fact's decision, its evaluation of the subjective evidence of pain merits considerable deference by a reviewing court. The trier of fact may determine that the subjective evidence is simply not credible and, due to a court's limited scope of review, it may not interpose its own judgment. Yet, in order to assure that a court's admittedly limited review can be meaningful, the court must be in a position to compare the trier of fact's primary findings of fact with its ultimate conclusions of fact. *Klug v. Weinberger,* 514 F.2d 423, 425 (8th Cir.1975); *Boyd v. Folsom,* 257 F.2d 778, 781 (3d Cir.1958); *Chronister v. Celebrezze,* 224 F.Supp. 121, 127 (W.D.Ark.1963); *Hallard v. Fleming,* 167 F.Supp. 205, 207 (W.D.Ark. 1958); *Wray v. Folsom,* 166 F.Supp. 390 (W.D.Ark.1958). Obviously, a clear and comprehensive statement of factual findings is indispensable for any court that seeks to carry out this comparison.

This need for clarity prompted the Third Circuit in *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), to criticize the use of cursory findings in hearing examiners' opinions.

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence. It is incumbent upon the examiner to make specific findings—the court may not speculate as to his findings.

500 F.2d at 312 (citing *Williams v. Celebrezze,* 359 F.2d 950 (4th Cir.1964)). *Accord, Walden v. Schweiker,* 672 F.2d 835, 839 (11th Cir.1982); *Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir.1981); *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979).

The Eleventh Circuit's recent decision, *Smallwood v. Schweiker,* 681 F.2d 1349 (11th Cir.1982), further underscores this need for clarity. The court found that even where questions posed by the ALJ during a disability hearing demonstrated his serious consideration of the claimant's allegations, the ALJ's failure to discuss the issue in his opinion necessitated a remand. *Id.* at 1352.

Even this Court has confronted the dilemma posed by ALJ opinions that fail to state facts clearly enough to enable a court to carry out its review. As noted in *Thompson v. Harris,* 476 F.Supp. 984, 986 (E.D.Ark.1979), allowing general references to the facts to serve as the basis for an ALJ's opinion renders an exacting inquiry into the ALJ's reasoning virtually impossible. Such is particularly true where the central issue turns on subjective evidence, such as evidence of pain.

■ Fortunately, the solution to the dilemma is quite simple. Where the existence of pain forms the basis of the claimant's case and the trier of fact disbelieves the subjective evidence offered by the claimant, the trier of fact must merely make explicit credibility findings. *Wilson v. Schweiker,* 681 F.2d 526 at 527 (8th Cir. 1982); *Andrews v. Schweiker,* 680 F.2d 559 at 560–561 (8th Cir.1982); *Walden v. Schweiker,* 672 F.2d 835, 839 (11th Cir. 1982); *Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir.1981); *Thompson,* 476 F.Supp. at 986. Ideally, such credibility findings should implement the framework outlined in *Duncan* and then state the reasons why the subjective evidence was deemed unpersuasive. Depending upon the amount of evidence contrary to the trier of fact's decision, the burden imposed by the credibility findings requirement may prove minimal. *See, e.g., Wilson v. Schweiker,* 681 F.2d 526 (8th Cir.1982).

IV. A review of the ALJ's opinion in conjunction with a careful reading of the entire record reveals that the ALJ disregarded several of the more critical maxims emanating from the caselaw described in the foregoing discussion. The ALJ's failure to adhere to these rules, and this Court's consequential inability to carry out a meaningful review of the ALJ's decision, compels a remand.

To give the ALJ's opinion its due, its discussion of non-pain issues is adequate and supported by substantial evidence. Dr. Ransom's bleak prognosis of the plaintiff's condition (Tr. 103) is counter-balanced by Dr. Edwards' less grave assessment. For example, although Dr. Edwards found some joint soreness, he ascertained no muscle atrophy, no joint inflammation and no limitation of motion in plaintiff's back or joints. (Tr. 97). Dr. Edwards also found that the plaintiff possessed normal grip strength. (Tr. 97). The ALJ's discussion of the medical evidence in his Evaluation of the Evidence and his Findings sufficiently demonstrates his close consideration of the issue. (Tr. 8–11). In light of the somewhat conflicting medical reports about the extent of the plaintiff's physical injuries, the Court finds there is substantial evidence to support the ALJ's finding, *see* Tr. 10, that the plaintiff is not suffering from a severe impairment.[2]

In contrast, the ALJ's treatment of the pain issue is inadequate. The one-sentence reference in the ALJ's Findings is merely conclusory and therefore precludes any sort of useful review by the Court.[3] Furthermore, his Evaluation of the Evidence lacks any reference to facts that support his conclusion. While the ALJ is free to disbelieve the testimony that supports the plaintiff's claim, the record, as noted *supra,* must state why such testimony was deemed not credible. In this case, the ALJ's opinion lacks any credibility findings in spite of the plaintiff's numerous claims of pain and the somewhat corroborative evidence in the physicians' reports. Such an omission requires the Court to remand the case so that these findings can be made.

In view of the lapse of time between the ALJ's decision and the Court's Order, additional evidence that is probative of the plaintiff's claim may have arisen. Unless such evidence is indeed "new" and "material" and unless there is good reason why such evidence was not presented during the original hearing, the ALJ shall base his decision on the prior record. 42 U.S.C.A. § 405(g) (1982). *See Bomes v. Schweiker,* 544 F.Supp. 72, 75–76 (D.Mass.1982).

It is therefore Ordered that the defendant's Motion for Summary Judgment be, and it is hereby, denied. The case is remanded for further proceedings consistent with this Memorandum and Order.

**2.** As noted in *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), the written report by a licensed physician may, despite the presence of opposing direct medical testimony, constitute substantial evidence supportive of a ruling adverse to the claimant. *See also Janka v. Secretary of H.E.W.,* 589 F.2d 365, 369 (8th Cir.1978); *Hallard v. Fleming,* 167 F.Supp. 205, 208–09 (W.D. Ark.1958). Ultimately, where two or more physicians reach dissimilar conclusions, the relative weight the ALJ must give to each will turn in large part on the number and comprehensiveness of the examinations performed by each physician. *See Ragsdale v. Secretary, Dept. of H.E.W.,* 623 F.2d 528, 530 (8th Cir.

1980) (citing *Hancock v. Secretary of H.E.W.,* 603 F.2d 739 (8th Cir.1979)).

**3.** *See supra,* p. 3. The Secretary is reminded that

[w]hile the claimant has the burden of proving that the disability asserted results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between a physical impairment and the claimant's subjective pain need not be produced.

*Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978) (citing *Klug v. Weinberger,* 514 F.2d 423, 427 (8th Cir.1975)).