[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

No. 10-15467
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-00839-AEP

FRANKIE L. SOLOMON, SR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Frankie Solomon appeals a decision that affirmed the denial of his

application for disability insurance benefits. 42 U.S.C. § 405(g). Solomon

challenges the finding of the administrative law judge that Solomon's complaints of pain and fatigue were not credible. We affirm.

We review the decision of the Commissioner "to determine if it is supported by substantial evidence." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). "An administrative law judge may properly challenge the credibility of a claimant" and, because "the resolution of conflicting evidence is for the Secretary and the administrative law judge," Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981), "we may not decide the facts anew" as long as substantial evidence supports the findings of fact, Smallwood v. Schweiker, 681 F.2d 1349, 1351 (11th Cir. 1982).

Substantial evidence supports the finding that Solomon's testimony about his physical limitations was not credible. "[T]o establish a disability based on testimony of pain and other symptoms," a disability claimant must present "evidence of an underlying medical condition" and either medical evidence that he suffers severe pain or evidence that the condition is "expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). Solomon testified that pain and fatigue caused by scleroderma, rheumatoid

arthritis, carpal tunnel syndrome, and migraine headaches prevented him from resuming his job as a commercial truck driver, but the administrative law judge found that Solomon's testimony was inconsistent with his own statements and objective medical evidence. Solomon said that he had "excruciating" headaches, but he testified that he took medicine for the pain and the results of a head MRI in 2006 and an evaluation in 2007 revealed that he had no neurological abnormalities. Solomon testified he was incapable of maneuvering a truck, but his treating physicians, Dr. Urmesh Raturi and Dr. Jay Reese, released Solomon to resume work in 2004 and, in May 2004, rheumatologist Harris McIlwain released Solomon for "complete duties" other than placing a tarp over his cargo. In 2005, Dr. Raul Nodal gave Solomon a score of 4 out of 5 for the strength of his grip and shoulders and a perfect score for the strength in his other upper and his lower extremities. Although Dr. Nodal observed that Solomon had shortness of breath when he stood up repeatedly and had difficulty exercising fine motor skills, the evidence established these limitations did not prevent Solomon from driving a commercial truck. Two state medical consultants found that Solomon could sit for 6 hours at a time and had unlimited ability to push, pull, and operate hand and foot controls. Solomon told an emergency room physician that he had lifted heavy objects around his house in April 2007, and the physician found that Solomon had

"[e]qual and good power in all four extremities." In May 2007, Dr. Mack Knowles found that Solomon had a full range of motion in his fingers and ankle. The record supports the finding of the administrative law judge that Solomon could perform his past relevant work.

Solomon asks that this Court remand his case because the Appeals Council failed to consider medical findings that Dr. Harris McIlwain made after Solomon's evidentiary hearing, but Solomon did not present this argument to the district court. In the district court, Solomon challenged only the findings of the administrative law judge. Because Solomon "challenge[d] the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, [the district court was not required to] consider [the] evidence [Solomon] submitted to the Appeals Council." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1266 (11th Cir. 2007).

The denial of Solomon's application for benefits is **AFFIRMED**.

4