George W. **HILLHOUSE**, Appellant,

v.

Patricia Roberts **HARRIS**, Secretary of **Health & Human Services**, Appellee.

No. 82–2148.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1983.

Decided Aug. 31, 1983.

---

Odom, Elliott, Lee & Martin by Mark L. Martin, Fayetteville, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., Frank V. Smith, III, Regional Atty., Charlene M. Seifert, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and COLLINSON, District Judge.*

* The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri.

1. The Honorable Richard S. Arnold, United States Circuit Judge, sitting by designation in

PER CURIAM.

George W. Hillhouse appeals from an order of the district court[1] upholding the denial of social security disability benefits by the Secretary of Health and Human Services.

Hillhouse originally filed his application for benefits on March 28, 1979, contending he was disabled pursuant to 42 U.S.C. § 423(d)(1)(A) because of back pain, hemorrhoids, and an ulcer.[2] Benefits were denied at every level and upon review denial was adopted by the Appeals Council on January 15, 1980. On appeal to the federal district court the case was remanded to consider whether Hillhouse's subjective complaints of pain were credible. The administrative law judge (ALJ) found the complaints of pain credible and recommended that benefits be awarded.

In his finding, the ALJ relied on Eighth Circuit case law which directs that the Secretary must give consideration to the claimant's subjective complaints of pain even though they are not corroborated by objective findings. *Brand v. Secretary of Dept. of Health, Educ. and Welfare,* 623 F.2d 523, 526 (8th Cir.1980); *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978). The Appeals Council reviewed the entire record including the complaints of pain, and concluded that appellant's testimony was not credible because the record showed facts inconsistent with disabling pain. This resulted in a finding that the appellant was not entitled to disability insurance benefits.

Hillhouse sought review in the federal district court. The district court must uphold the decision of the Secretary if it is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *McGhee v. Harris,* 683 F.2d 256, 258 (8th Cir.1982); 42 U.S.C. § 405(g). Accordingly, the district court concluded that the decision of

the United States District Court for the Western District of Arkansas.

2. For a detailed statement of the facts and the medical evidence see *Hillhouse v. Harris,* 547 F.Supp. 88 (W.D.Ark.1982).

the Appeals Council was supported by substantial evidence and affirmed the denial of benefits. 547 F.Supp. at 91.

After carefully considering the briefs, arguments and the entire record in the instant case, we affirm on the basis of Judge Arnold's well-reasoned opinion pursuant to Rule 14 of the Rules of this court.

Although we need not decide the issue in this case, we note the Secretary continues to operate under the belief that she is not bound by district or circuit court decisions. In its findings the Appeals Council states, "the Secretary is bound only by the provisions of the Social Security Act, regulations and rulings, and by United States Supreme Court decisions. A *district* or *circuit* court decision is binding only in the specific case it decides." 547 F.Supp. at 92 (emphasis added).

In a similar controversy with the National Labor Relations Board the Third Circuit discussed the precedential value of circuit court opinions on administrative agencies:

> A decision by this court, not overruled by the United States Supreme Court, is a decision of the court of last resort in this federal judicial circuit. Thus our judgments * * * are binding on all inferior courts and litigants in the Third Judicial Circuit, and also on *administrative agencies* when they deal with matters pertaining thereto.

*Allegheny Gen. Hospital v. NLRB,* 608 F.2d 965, 970 (3d Cir.1979) (emphasis added). *See also Ithaca College v. NLRB,* 623 F.2d 224, 228 (2d Cir.), *cert. denied,* 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980) (an agency is bound to follow the law of the circuit); *Lopez v. Heckler,* 572 F.Supp. 26, —— (C.D.Cal.1983) (Secretary violated the separation of powers doctrine in announcing her nonacquiescence in federal appeals court decisions). We repeat Judge Arnold's words with emphasis.

> The result of this individual case should not obscure the fact that the regulations of HHS are not the supreme law of the land. "It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madi-*

*son,* 1 Cranch 137, 177, 2 L.Ed. 60 (1803), and the Secretary will ignore that principle at his peril.

547 F.Supp. at 93.

Judgment affirmed.

McMILLIAN, Circuit Judge, concurring specially.

While I concur wholly in everything said in the majority opinion, I think more is needed to be expressed. I have no wish to invite a confrontation with the Secretary. Yet, if the Secretary persists in pursuing her nonacquiescence in this circuit's decisions, I will seek to bring contempt proceedings against the Secretary both in her official and individual capacities.