Dawn DRIGGINS, by her Guardian ad
Litem, Virgil S. DRIGGINS,
Appellant,

v.

Margaret HECKLER, Secretary, U.S.
Department of Health and Human
Services, Appellee.

No. 85–5307.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1986.

Decided April 9, 1986.

Rehearing Denied May 13, 1986.

---

Peter V. Smilde, Dallas, Tex., for appellant.

Joan Leese Lowes, Dept. HHS, Chicago, Ill., for appellee.

Before LAY, Chief Judge, and ROSS and WOLLMAN, Circuit Judges.

ROSS, Circuit Judge.

Appellant Dawn Driggins, by her father and guardian ad litem, Virgil S. Driggins, appeals a district court[1] order affirming the final decision of the Secretary of Health and Human Services (the Secretary). The Secretary determined that Dawn was ineligible to receive Supplemental Security Income (SSI) from July 1978 through January 1982 because her own income combined with the income deemed to her from her parents exceeded the statutory limit.

Appellant contends the Secretary (1) incorrectly applied the deeming formula as provided in 20 C.F.R. § 1185 (1978); (2) failed to apply the provisions of 20 C.F.R. § 416.1125(b)(iv) (1979); and (3) failed to promulgate an equitable standard in accordance with the provisions of 42 U.S.C. § 1382c(f)(2). For the following reasons, we affirm.

1. The Honorable Edward J. Devitt, United States District Judge for the District of Minnesota.

## BACKGROUND

Appellant Dawn Driggins was born February 20, 1964. She is mentally retarded and lives with her parents. Dawn's father applied for SSI benefits on Dawn's behalf in March 1976. At that time her two brothers, Daniel, born July 4, 1959, and Duane, born December 18, 1957, were students and lived in the Driggins' family home. In July 1978, basing her action on information that the two brothers were no longer living at home, the Secretary reevaluated appellant's eligibility under the income deeming formula, 20 C.F.R. § 416.1185 (1978)[2], and determined that she was no longer entitled to receive SSI benefits. The Secretary denied an initial request for review of the decision to terminate benefits. The Administrative Law Judge (ALJ) found appellant ineligible for further benefits, and the Appeals Council affirmed the ALJ's decision. The district court affirmed the Secretary's decision. On appeal, this court vacated that decision and remanded the case for further proceedings and development of the facts concerning whether the brothers had left home and if so, when they left. *Driggins v. Harris,* 657 F.2d 187 (8th Cir. 1981). On remand the ALJ determined that appellant remained eligible for SSI benefits until December 1978. The Appeals Council declined to adopt the ALJ's recommendation and found appellant ineligible from July 1978 until February 1982.[3] The district court affirmed the Secretary's decision.

## ANALYSIS

Social Security Income is a federal income maintenance program administered by the Social Security Administration for aged, blind, and disabled individuals. *See* 42 U.S.C. §§ 1381, 1381a (1983). Persons who are disabled are eligible for SSI benefits if their income and resources are less than certain specified levels. *See* 42 U.S.C. § 1382 (1982). In determining the income of a disabled child, the statute provides:

For purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 18, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not available to such individual, except to the extent determined by the Secretary to be inequitable under the circumstances.

42 U.S.C. § 1382c(f)(2) (1982). The Secretary has promulgated a series of regulations pursuant to this statute. *See* 20 C.F.R. §§ 416.1160–.1169 (1985). The regulations provide, among other things, how and to what extent the parents' income is to be deemed to a child.

■ Appellant contends that the Secretary has improperly applied the deeming formulas in two ways. First, appellant argues that the deeming provision should not have been applied for the period April 1978 to April 1979 because Mr. Driggins had only unearned income. Appellant contends the 1978 regulations do not allow the Secretary to deem unearned income. The regulation follows the express intent of Congress in 42 U.S.C. § 1382c(f)(2) and reads in part:

In the case of an individual who is a child (as defined in § 416.1050) and under age 21, such individual's income shall be deemed to include *any income* (as defined in § 416.1102(a)) of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not such income is available to such individual.

20 C.F.R. § 416.1185(b) (1978) (emphasis added). Income is defined in the regulations as the receipt by an individual of any property or service which he can use to meet his basic needs for food, clothing and shelter. 20 C.F.R. § 416.1102(a) (1978); 20

---

2. *See* 20 C.F.R. §§ 416.1160–.1169 (1985).

3. *See* 20 C.F.R. § 416.1167(c) (1985). Appellant again became eligible for SSI benefits in February 1982 when she reached age 18. Parental income is not deemed to a disabled person when she or he becomes 18 years old.

C.F.R. § 416.1102 (1985). This definition of income clearly includes both earned and unearned income. Earned and unearned income are separately defined in subsections (b) and (c) of the 1978 regulations, but neither is excepted from the definition in subsection (a).

■ Appellant argues also that, after June 1978, the Secretary failed to allocate any of the parents' income to appellant's two brothers. Appellant contends that her two brothers were "ineligible children" and looks to 20 C.F.R. § 416.1185(b)(1)(i) (1979) which states:

> (1) The quarterly income to be deemed to an eligible child from the parent of the child (and the spouse of such a parent, if any) will first be reduced by an allocation for:
>
> (i) each ineligible child under age 21 of the parent or spouse of the parent residing in the same household;

Appellant argues that both her brothers were under age 21 and residing in the same household with their parents. However, the first paragraph of § 416.1185(b) (1979) [4] expressly incorporates 20 C.F.R. § 416.1050 (1979) [5] which defines a child as an individual who is neither married nor head of a household and who is under the age of 18 or a student under the age of 22. Neither of appellant's brothers was under age 18 nor a student after June 1978. To be an ineligible child for deeming purposes the individual must meet the requirements of both § 416.1050 and § 416.1185(b). The Secretary properly applied the deeming regulations.

■ Appellant also argues that the rebuttal provisions of 20 C.F.R. § 416.1125(b)(6)(iv) (1979) are applicable to her. Section 416.1125(b) [6] discusses the one-third reduction provisions, and those reduction provisions do not apply to appellant. *See* 20 C.F.R. § 416.1125(c)(3) (1979). Application of the rebuttal provisions is limited to situations in which the one-third reduction provision applies. Since 20 C.F.R. § 416.1125(b) does not apply to appellant, any subsection of that section does not apply to appellant.

■ Appellant finally argues that the Secretary has failed to enunciate specific standards for determining inequitable circumstances in which the deeming provisions should not be applied. *See* 42 U.S.C. § 1382c(f)(2). Appellant contends that the statute requires the Secretary to make individual determinations, in light of particular circumstances, as to whether deeming of income would be inequitable. Congress clearly gave the Secretary the power to decide when it would be inequitable to deem income from a parent to a child. *See* 42 U.S.C. § 1382c(f)(2). The Secretary has a "deliberate grant of broad discretion * * to determine when circumstances are inequitable." *Fleshman ex rel. Fleshman v. Heckler,* 709 F.2d 999, 1003 (5th Cir.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 188 (1984). The Secretary's reliance on the deeming regulations is valid, and an individualized determination of "inequitable under the circumstances" is not required. *See id.* at 1004; *Faidley v. Harris,* 656 F.2d 582, 584 (10th Cir.1981); *Kollett v. Harris,* 619 F.2d 134, 139 n. 4 (1st Cir.1980).

Appellant's allegations of bias against her in the lower courts are without merit.

Affirmed.

---

4. *See* 20 C.F.R. § 416.1165 (1985).

5. *See* 20 C.F.R. § 416.1101 (1985).

6. *See* 20 C.F.R. § 416.1131 (1985).