**Gary TYRRELL, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

No. 91–2179.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1992.

Decided Aug. 11, 1992.

Rehearing and Rehearing En Banc Denied Nov. 2, 1992.

---

Michael D. Mayes, Springfield, Mo., argued (Bruce K. Kirby, on the brief), for appellant.

Gay L. Tedder, Kansas City, Mo., argued, for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

BEAM, Circuit Judge.

This case stems from an application for benefits under the Supplemental Security Income Program (SSI), 42 U.S.C.A. §§ 1382–1383d (West 1992), filed by Gary Tyrrell on behalf of his three-year-old son, Jimmie Tyrrell, who is blind. Although Jimmie Tyrrell meets the disability requirements for SSI benefits, an administrative law judge found Jimmie ineligible for benefits based on parental income deemed to him under regulations established by the Secretary of Health and Human Services (Secretary). The district court affirmed the ALJ's denial of benefits on cross motions for summary judgment. Gary Tyrrell appeals, asserting that the deeming regulations treat spouses and children differently, thereby exceeding the statutory authority of the Secretary and violating the equal protection component of the Fifth Amendment. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties do not dispute the essential facts of this case. Gary and Jan Tyrrell live in Mountain Grove, Missouri, with their seven-year-old daughter, Jessica, and their three-year old son, Jimmie, who was born on September 20, 1988. Neither Gary, Jan, nor Jessica are eligible for SSI benefits.

Shortly after his birth, Jimmie was diagnosed with bilateral retinoblastoma, a form of eye cancer. Malignant tumors were present in both of Jimmie's eyes and were beginning to spread to his brain through his optic nerves. As a result of this condition, both of Jimmie's eyes eventually had

*The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

to be removed; one on April 17, 1989, and the other on August 18, 1989. In addition to his previous medical treatment, including radiation therapy, Jimmie must receive monthly cancer examinations for the next five years and regular monitoring thereafter for the rest of his life.

Gary Tyrrell is a teacher and transportation coordinator with the Mountain Grove School District. Before Jimmie's birth, Jan Tyrrell was a librarian with the school district, but now must stay home to care for Jimmie. The Tyrrells' current monthly income is $2,490.42, for an annual income of $29,885.04. The total expenses incurred by the Tyrrells because of Jimmie's impairment amount to approximately $24,528.78 a year. This figure includes, among other things, the costs of medical treatment, special preschool and day care programs, special toys and educational materials, and workshops and seminars for Gary and Jan Tyrrell as parents of a visually-impaired child. After these expenses are deducted from the Tyrrells' annual income, $5,356.26 remains for all other family expenses.

Although Jimmie meets the disability requirements for SSI benefits, Jimmie is ineligible for benefits under the Social Security regulations because his deemed income after allowable exclusions exceeds the regulatory minimum. Under the regulations, a parent's income is divided into earned and unearned income. Certain exclusions, including allocations for ineligible members of the household, are applied to either earned or unearned income as appropriate. The remainder, whether earned or unearned, is deemed to a child as unearned income. The child is then entitled to certain additional exclusions from this deemed income. *See* 20 C.F.R. § 416.1165 (1991). The exclusions from unearned income, however, are limited. *See id.* § 416.1124. As a result, Jimmie's net deemed income exceeds the minimum amount for eligibility.

## II. DISCUSSION

■ On appeal, Gary Tyrrell asserts that the district court erred in granting the Secretary's motion for summary judgment. According to Tyrrell, the deeming regula-tions treat children and spouses disparately, thereby exceeding the statutory authority of the Secretary and violating the equal protection component of the Fifth Amendment. We agree with Tyrrell's statutory argument to a limited extent and decline to address his constitutional claim.

■ Where a statute such as the SSI grants an agency the authority to establish regulations for the administration of the statute's provisions, " 'our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious.' " *Bowen v. Yuckert,* 482 U.S. 137, 145, 107 S.Ct. 2287, 2293, 96 L.Ed.2d 119 (1987) (quoting *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983)); *see Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

The SSI provides that a spouse's income will be deemed to a claimant who is married and a parent's income will be deemed to a claimant who is under the age of 18. Although the statute's deeming provisions are located in separate subsections, the subsections are consecutive and their substantive language is identical. As to spouses, the SSI reads:

> For purposes of determining eligibility for and the amount of benefits for any individual who is married and whose spouse is living with him in the same household but is not an eligible spouse, such individual's income and resources shall be deemed to include any income and resources of such spouse, whether or not available to such individual, except to the extent determined by the Secretary to be inequitable under the circumstances.

42 U.S.C. § 1382c(f)(1) (1988). Regarding parents and children, the statute reads:

> For the purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 18, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a par-

ent) who is living in the same household as such individual, whether or not available to such individual, except to the extent determined by the Secretary to be inequitable under the circumstances.

42 U.S.C.A. § 1382c(f)(2)(A) (West 1992).

The SSI's provisions for deeming income from one spouse to another and from parents to a child may be essentially identical, but the deeming regulations applicable to adult spouses differ in certain respects from those applicable to children. In particular, an ineligible spouse's earned and unearned income is deemed to the other spouse as earned and unearned income, respectively, not solely as unearned income. *See* 20 C.F.R. § 416.1163(d)(2)(i) (1991). This is significant because the exclusions from earned income are more generous than those from unearned income. *Compare id.* § 416.1112 *with id.* § 416.-1124.

Gary Tyrrell contends that this distinction between the deeming regulations for spouses and children conflicts with the deeming provisions of the SSI. According to Tyrrell, the essentially identical language of the statute's deeming provisions indicates that the Secretary must establish comparable regulations for spouses and children. By failing to do so, the Secretary has exceeded his authority under the statute.

Tyrrell further objects to the exclusively vocational nature of two of the exclusions from earned income. A non-blind claimant is able to deduct impairment-related work expenses from earned income and a blind claimant may exclude earned income used for expenses reasonably attributable to earning that income. *See id.* §§ 416.-1112(c)(5), (7). Tyrrell contends that these exclusions discriminate against children because children usually do not work and, thus, have no impairment-related work expenses or income-producing expenses. According to Tyrrell, the Secretary must adopt analogous age-appropriate exclusions for children, which would permit children to deduct impairment-related expenses enabling them to function like a non-impaired child of the same age.

Before we proceed to the merits of Tyrrell's argument, however, we must address the Secretary's contention that our decision in a previous case, *Driggins ex rel. Driggins v. Heckler*, 788 F.2d 494 (8th Cir.1986), precludes any challenge to the deeming regulations for children. In *Driggins*, a child, who had been denied benefits, alleged, among other things, that the Secretary had failed to promulgate equitable deeming regulations for children as required by the SSI. In particular, the child asserted "that the statute required the Secretary to make individual determinations, in light of particular circumstances, as to whether deeming of income would be inequitable." *See id.* at 497. We rejected this claim. *Id.* (citing *Fleshman ex rel. Fleshman v. Heckler*, 709 F.2d 999, 1003, 1004 (5th Cir.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 188 (1984)).

We do not agree, however, with the Secretary's assertion that *Driggins* is controlling in the present case. Tyrrell raises a different challenge than Driggins. Tyrrell does not contend that the SSI requires an individualized assessment of whether a parent's income should be deemed to a child. He has no objection to the universal nature of the deeming regulations for children. Instead, Tyrrell merely argues that these universal regulations must be comparable to those for adult spouses. Our rejection of one particular challenge to the deeming regulations in *Driggins*, did not render the regulations immune from challenges based on different grounds.

Returning to Tyrrell's statutory argument, we are guided by the Supreme Court's decision in *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). *Zebley* concerned the interpretation of the SSI's provisions defining disability for adults and children. The relevant portion of the statute reads as follows:

(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity).

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 1382c(a)(3) (1988).

The *Zebley* Court examined the regulations established to administer these provisions of the SSI. To determine whether an adult is disabled, the Secretary employed a five-step analysis. The first two threshold steps require that the claimant is not presently working and has an impairment significantly limiting his ability to work for the required time duration. Under the third step, medical evidence of the claimant's impairment is examined to determine if the impairment matches or is equal to a listed impairment presumed to be severe enough to preclude gainful work. If so, the claimant is deemed disabled. If the claimant's impairment does not meet this standard, the fourth and fifth steps apply, which steps inquire into whether the claimant is able to do his past work or any other work that exists in the national economy based on his age, education, and work experience. *See Zebley*, 493 U.S. at 523–25, 110 S.Ct. at 888–89 (citations omitted).

The Secretary's system for determining whether a child is disabled, however, differed from that used for adults. Only the first three steps of the five-step adult analysis applied to children. Not only were the fourth and fifth steps omitted, but the regulations did not contain alternative, nonvocational steps for children. *See id.* 493 U.S. at 525–27, 110 S.Ct. at 889 (citations omitted). The government's central defense in *Zebley* was that the fourth and fifth steps did not logically apply to children because children do not work. Alternative standards for children were not feasible because no measure of a child's functional abilities analogous to an adult's ability to work was available. *Id.* 493 U.S. at 537–539, 110 S.Ct. at 896.

In an opinion by Justice Blackmun, the Supreme Court held that the regulation's disparate treatment of children violates the SSI, which clearly provides that a child is disabled if suffering from an impairment comparable to one that would render an adult disabled. In rejecting the government's defense of the regulations, the Court reasoned:

> The fact that a *vocational* analysis is inapplicable to children does not mean that a *functional* analysis cannot be applied to them. An inquiry into the impact of an impairment on the normal daily activities of a child of the claimant's age—speaking, walking, washing, dressing, and feeding oneself, going to school, playing, etc.—is, in our view, no more amorphous or unmanageable than an inquiry into the impact of an adult's impairment on his ability to perform "any other kind of substantial gainful work which exists in the national economy."

*Id.* (citation omitted). *Zebley*, therefore, establishes the principle that where the SSI mandates similar treatment of children and adults, the Secretary must adopt comparable regulations for children and adults. Furthermore, the Secretary must adopt an analogous functional analysis for children where the standard vocational analysis for adults is inapplicable to children and fails to achieve a comparable result.

Tyrrell asserts that the reasoning of *Zebley* applies to the present case and, to a limited extent, we agree. As in *Zebley*, the sections of the SSI involved here indicate that adults and children are to be treated in an equivalent manner. The SSI's deeming provisions contain virtually identical language for spouses and children. The Secretary, therefore, must establish regulations that deem income to adult spouses and children in a comparable manner. We believe that the Secretary has failed to do this to the extent that the regulations deem

earned income to adult spouses as earned income and to children as unearned income. By adopting such regulations, the Secretary has denied children the opportunity to exclude various sums from deemed income that adult spouses are able to exclude. This result violates the principle embodied in *Zebley*.

■ We do not, however, agree with Tyrrell's specific argument that the Secretary is required to provide a functional exclusion for children analogous to the vocational exclusions for work-related and income-producing expenses. Tyrrell fails to recognize that the treatment of blind children and spouses under these vocational exclusions is similar or, at least, achieves comparable results. The impairment-related work expenses exclusion, for example, is not available to blind persons regardless of their age or marital status. *See* 20 C.F.R. § 416.1112(c)(5) (1991).

■ As to the exclusion for income-producing expenses, Tyrrell misunderstands the operation of this exclusion in practice. Tyrrell acknowledges that this exclusion is available to children who work, but maintains that the exclusion discriminates against children who do not work because they cannot deduct impairment-related expenses from deemed income.[1] The government, however, correctly notes that no claimant, adult or child, may exclude income-producing expenses from deemed income, earned or unearned, under this provision. The exclusion only applies to income used to meet expenses incurred by a blind person in producing that income. *See id.* § 416.1112(c)(7). The income-producing expenses of a blind parent or spouse are excluded from earned income before deeming under a separate regulation. *See id.* § 416.1161(a)(15). In practice, therefore, only income that a blind claimant earned personally, not any deemed earned income, is excludable under the regulation in question. The deemor's income-producing expenses have already been excluded before deeming, where appropriate, and the claim-

ant's own expenses would not have been incurred to produce the deemed income.

Consequently, contrary to Gary Tyrrell's assertions, the exclusions from deemed earned income do not treat adult spouses who work [2] and children who do not work disparately. For example, even if Jimmie Tyrrell were an adult who worked and the income presently deemed to him were his spouse's earned income, Jimmie still would be unable to exclude the expenses associated with his impairment from this deemed income because these expenses were not incurred to produce the deemed income. Thus, unlike *Zebley*, a distinct, functional analysis for children is not required to achieve equal treatment under the regulations in question here.

Because we agree with Tyrrell's statutory argument to the extent that the Secretary's regulations treat children and adults differently and reject his argument only to the extent that the income expenses regulations do not, we find no need to address the claim based on the equal protection component of the Fifth Amendment.

Although we reverse the district court's grant of summary judgment in favor of the Secretary, we are not in a position to reevaluate Jimmie Tyrrell's eligibility for SSI benefits. All *Zebley* requires is that the Secretary adopt deeming regulations that treat adult spouses and children equally. The most logical method of complying with this requirement in the present situation is to deem a parent's earned income to a child as earned income. The Secretary, however, retains discretion to determine the exact nature of the deeming regulations. We, therefore, remand to the district court with directions to remand to the Secretary for adoption of new regulations consistent with this opinion and a reevaluation of Jimmie's eligibility for SSI benefits under such new regulations.

## III. CONCLUSION

For the reasons stated above, we conclude that the Secretary exceeded his au-

---

1. This would be so even if a parent's earned income were deemed to a child as earned income and not unearned income.

2. This would also be so even if the adult spouse with deemed income did not work.

thority under the SSI by adopting regulations that deem an individual's earned income to a spouse as earned income and to a child as unearned income, but did not exceed his authority in failing to adopt regulations permitting a child to exclude from deemed earned income expenses related to functioning as a non-impaired child of that age. We remand to the district court with directions to remand to the Secretary for adoption of new regulations consistent with this opinion and a reevaluation of Jimmie Tyrrell's eligibility for SSI benefits under such new regulations.