Debra HUTCHISON, for Donald
HUTCHISON, Appellant,

v.

Shirley S. CHATER, Commissioner of the
Social Security Administration,
Appellee.

No. 96–1509.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1996.

Decided Nov. 5, 1996.

Thomas A. Krause, Kansas City, Missouri, argued (John A. Bowman, on the brief), for appellant.

Gary L. Hayward, Des Moines, Iowa, argued (Don C. Nickerson, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Debra Hutchison, on behalf of her son Donald Hutchison, appeals from the district court's judgment affirming the final decision of the Commissioner of the Social Security Administration (Commissioner), that Donald Hutchison is liable for an overpayment of Supplemental Security Income (SSI) benefits. We affirm in part, reverse in part, and remand.

## I.

Donald Hutchison is a nine-year-old boy who suffers from autism, microcephaly, poor growth, and developmental delays. Debra Hutchison applied for benefits on Donald's behalf on April 19, 1989, which the Social Security Administration (SSA) awarded on May 18, 1989, with Ms. Hutchison becoming Donald's representative payee.

Initially, Ms. Hutchison reported that the household's only income was her husband's wages of $5.50 per hour, forty-one hours per week. In October of 1989, when the SSA conducted a review of Donald's SSI eligibility, Ms. Hutchison reported that her husband's wage had increased to $6.00 per hour and that he was averaging forty-five hours per week. The SSA did not initiate another review of Donald's eligibility until May of 1991. Ms. Hutchison testified that she was aware of her continuing duty to report changes in income to the SSA. Between October of 1989 and May of 1991, however, other than mentioning that her husband occasionally performed odd jobs, Ms. Hutchison never reported a change in household income even though her husband's wages increased. Ms. Hutchison did report in August of 1990 that one of her children had left the household.

The SSA based its calculation of Donald's benefits on the information supplied by Ms. Hutchison. It calculated Donald's benefits using income-deeming rules that we later invalidated in *Tyrrell v. Sullivan,* 972 F.2d 252 (8th Cir.1992), as exceeding the Commissioner's authority. Eventually, the SSA determined that Donald had received an overpayment of $4,450.00 for the period July 1990 through September 1991 because of unreported changes in Mr. Hutchison's wages.

Ms. Hutchison requested a waiver of the overpayment recovery, contending that she was not at fault in connection with the overpayment. The SSA rejected this assertion, finding that because Ms. Hutchison failed to report the changes in her husband's income between October of 1989 and August of 1991, but had reported previous changes, she was aware of and failed in her duty to report.

A hearing was held before an Administrative Law Judge (ALJ) on December 1, 1993. The ALJ approved the application of the regulations we struck down in *Tyrrell,* affirmed the existence of an overpayment, and denied a waiver, finding that Ms. Hutchison was not without fault. The Appeals Council denied review, stating that *Tyrrell* was inapplicable to Donald's case. The ALJ's decision, therefore, stands as the Commissioner's final decision.

Having exhausted her administrative remedies, Ms. Hutchison sought review of the Commissioner's decision in the district court, which affirmed the Commissioner's decision. Ms. Hutchison appeals, arguing that the ALJ should have applied the post-*Tyrrell* regulations in determining Donald's benefits and should have waived the recoupment of any overpayment.

## II.

We agree with Ms. Hutchison's contention that the ALJ should have determined Donald's benefits using an income-deeming formula consistent with *Tyrrell.*

In denying Ms. Hutchison's request for review, the Appeals Council stated that *Tyrrell* was not applicable to Donald's case because the Commissioner had not issued an "Acquiescence Ruling." Regardless of whether the Commissioner formally announces her acquiescence, however, she is still bound by the law of this Circuit and does not have the discretion to decide whether to adhere to it. " '[T]he regulations of [SSA] are not the supreme law of the land. "It is, emphatically, the province and duty of the judicial department, to say what the law is," *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed.

60 (1803), and the [Commissioner] will ignore that principle at [her] peril.' " *Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983) (per curiam) (*quoting Hillhouse v. Harris,* 547 F.Supp. 88, 93 (W.D.Ark.1982)). *Tyrrell* is, and was at the time of the ALJ's decision, the law of this Circuit, and the Commissioner must abide by it.[1]

## III.

Ms. Hutchison next argues that the ALJ erred in finding that Donald was at fault in connection with the overpayment. Ms. Hutchison misreads the ALJ's decision, however, for the ALJ found that it was Ms. Hutchison who was at fault:

The fault of a representative payee in connection with an overpayment supports a denial of waiver of that overpayment. *Evelyn v. Schweiker,* 685 F.2d 351, 352 (9th Cir.1982); *see also Cannuni v. Schweiker,* 740 F.2d 260, 263 (3d Cir.1984) (waiver provisions of regulations apply to representative payees). We find that the ALJ's determination of Ms. Hutchison's fault is supported by substantial evidence.

That portion of the judgment holding Ms. Hutchison to be liable for overpayment of benefits is affirmed. That portion of the judgment affirming the Commissioner's calculation of the amount of overpayment is reversed, and the case is remanded to the district court with instructions to remand to the Commissioner for recalculation of the amount of overpayment under the post-*Tyrrell* regulations.

---

1. We note that the Assistant United States Attorney representing the Commissioner conceded (wisely, we believe) at oral argument that *Tyrrell* applies to Donald's case and agreed that we should remand for a calculation of benefits consistent with that ruling. He also agreed that it would not be unfair or inequitable for any re-

---

coupment to be paid in installments rather than in a lump sum.