_____

No. 96-1509

_____

Debra Hutchison, for      *
Donald Hutchison,      *
     *
        Appellant,      *     Appeal from the United States
     *     District Court for the
    v.      *     Southern District of Iowa.
     *
Shirley S. Chater, Commissioner      *
of the Social Security      *
Administration,      *
     *
        Appellee.      *

_____

Submitted: September 11, 1996

Filed: November 5, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit
     Judge, and WOLLMAN, Circuit Judge.
_____

WOLLMAN, Circuit Judge.

Debra Hutchinson, on behalf of her son Donald Hutchinson, appeals from the district court's judgment affirming the final decision of the Commissioner of the Social Security Administration (Commissioner), that Donald Hutchinson is liable for an overpayment of Supplemental Security Income (SSI) benefits. We affirm in part, reverse in part, and remand.

**I.**

Donald Hutchinson is a nine-year-old boy who suffers from autism, microcephaly, poor growth, and developmental delays. Debra Hutchinson applied for benefits on Donald's behalf on April 19, 1989, which the Social Security Administration (SSA) awarded on May 18, 1989, with Ms. Hutchinson becoming Donald's representative payee.

Initially, Ms. Hutchinson reported that the household's only income was her husband's wages of $5.50 per hour, forty-one hours per week. In October of 1989, when the SSA conducted a review of Donald's SSI eligibility, Ms. Hutchinson reported that her husband's wage had increased to $6.00 per hour and that he was averaging forty-five hours per week. The SSA did not initiate another review of Donald's eligibility until May of 1991. Ms. Hutchinson testified that she was aware of her continuing duty to report changes in income to the SSA. Between October of 1989 and May of 1991, however, other than mentioning that her husband occasionally performed odd jobs, Ms. Hutchinson never reported a change in household income even though her husband's wages increased. Ms. Hutchinson did report in August of 1990 that one of her children had left the household.

The SSA based its calculation of Donald's benefits on the information supplied by Ms. Hutchinson. It calculated Donald's benefits using income-deeming rules that we later invalidated in Tyrrell v. Sullivan, 972 F.2d 252 (8th Cir. 1992), as exceeding the Commissioner's authority. Eventually, the SSA determined that Donald had received an overpayment of $4,450.00 for the period July 1990 through September 1991 because of unreported changes in Mr. Hutchinson's wages.

Ms. Hutchinson requested a waiver of the overpayment recovery, contending that she was not at fault in connection with the overpayment. The SSA rejected this assertion, finding that because Ms. Hutchinson failed to report the changes in her husband's income between October of 1989 and August of 1991, but had reported previous changes, she was aware of and failed in her duty to report.

A hearing was held before an Administrative Law Judge (ALJ) on December 1, 1993. The ALJ approved the application of the regulations we struck down in Tyrrell, affirmed the existence of an

overpayment, and denied a waiver, finding that Ms. Hutchinson was not without fault.  The Appeals Council denied review, stating that Tyrrell was inapplicable to Donald's case.  The ALJ's decision, therefore, stands as the Commissioner's final decision.

Having exhausted her administrative remedies, Ms. Hutchinson sought review of the Commissioner's decision in the district court, which affirmed the Commissioner's decision.  Ms. Hutchinson appeals, arguing that the ALJ should have applied the post-Tyrrell regulations in determining Donald's benefits and should have waived the recoupment of any overpayment.

## II.

We agree with Ms. Hutchinson's contention that the ALJ should have determined Donald's benefits using an income-deeming formula consistent with Tyrrell.

In denying Ms. Hutchinson's request for review, the Appeals Council stated that Tyrrell was not applicable to Donald's case because the Commissioner had not issued an "Acquiescence Ruling."  Regardless of whether the Commissioner formally announces her acquiescence, however, she is still bound by the law of this Circuit and does not have the discretion to decide whether to adhere to it.  "`[T]he regulations of [SSA] are not the supreme law of the land.  "It is, emphatically, the province and duty of the judicial department, to say what the law is," Marbury v. Madison, 1 Cranch 137 (1803), and the [Commissioner] will ignore that principle at [her] peril.'"  Hillhouse v. Harris, 715 F.2d 428, 430 (8th Cir. 1983) (per curiam) (quoting Hillhouse v. Harris, 547 F. Supp. 88, 93 (W.D. Ark. 1982)).  Tyrrell is, and was at the time of the ALJ's decision, the law of this Circuit, and the Commissioner

must abide by it.[1]

## III.

Ms. Hutchinson next argues that the ALJ erred in finding that Donald was at fault in connection with the overpayment. Ms. Hutchinson misreads the ALJ's decision, however, for the ALJ found that it was Ms. Hutchinson who was at fault.

The fault of a representative payee in connection with an overpayment supports a denial of waiver of that overpayment. <u>Evelyn v. Schweiker</u>, 685 F.2d 351, 352 (9th Cir. 1982); <u>see also</u> <u>Cannuni v. Schweiker</u>, 740 F.2d 260, 263 (3d Cir. 1984) (waiver provisions of regulations apply to representative payees). We find that the ALJ's determination of Ms. Hutchinson's fault is supported by substantial evidence.

That portion of the judgment holding Ms. Hutchinson to be liable for overpayment of benefits is affirmed. That portion of the judgment affirming the Commissioner's calculation of the amount of overpayment is reversed, and the case is remanded to the district court with instructions to remand to the Commissioner for recalculation of the amount of overpayment under the post-<u>Tyrrell</u> regulations.

---

[1]We note that the Assistant United States Attorney representing the Commissioner conceded (wisely, we believe) at oral argument that <u>Tyrrell</u> applies to Donald's case and agreed that we should remand for a calculation of benefits consistent with that ruling. He also agreed that it would not be unfair or inequitable for any recoupment to be paid in installments rather than in a lump sum.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.